**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GINA MCINTOSH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KATAPULT HOLDINGS, INC., LEE EINBINDER, HOWARD KURZ, ORLANDO ZAYAS, and KARISSA CUPITO,<br><br>Defendants. | Civil Action No. 1:21-cv-07251 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOVANT**
**MATIS NAYMAN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF MOVANT'S SELECTION OF COUNSEL**

Proposed and presumptive Lead Plaintiff Matis Nayman ("Movant" or "Nayman") submits this memorandum of law in further support of his motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of Movant's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel; and (iii) any other relief the Court may deem just.

## I.    PRELIMINARY STATEMENT

Mr. Nayman is the presumptive Lead Plaintiff in this Action by virtue of the $208,731.46 loss he incurred on his purchases of Katapult Holdings, Inc. ("Katapult") securities during the Class Period.  These losses, along with Mr. Nayman's *prima facie* showing of adequacy and typicality, qualify him as the "most adequate plaintiff."  *See* 15 U.S.C. §§ 77Z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

Mr. Nayman's losses pursuant to Defendants' violations of the Exchange Act exceed the losses of any other movant(s) and as a result, no other movant(s) has a financial interest greater than Mr. Nayman based upon the most important factor in the Court's analysis – financial loss – as demonstrated in the fourth column of the chart below:

| Katapult Holdings, Inc. | | | | | |
|---|---|---|---|---|---|
| *LAX factor analysis (10b5 damages)* | | | | | |
| Class period: 12/18/2020 - 08/10/2021 | | | | | |
| | | | | | |
| **Movant** | **1** | **2** | **3** | **4** | **Firm Submitting Motion** |
| | | | | | |
| **Matis Nayman** | 30,000 | 24,000 | $328,155.46 | $208,731.46 | Wolf Haldenstein Adler Freeman & Herz LLP |
| | | | | | |
| **William Bloomfield** | 18,287 | 9,737 | $176,443.59 | $129,960.70 | Kirby McInerney LLP |
| | | | | | |
| **Felipe de Castro Luna** | 13,440 | 13,440 | $148,248.22 | $148,248.22 | Bleichmar Fonti & Auld LLP |
| | | | | | |
| **Buford Tuttle Capital, LLC** | 4,998 | 4,998 | $49,123.41 | $26,765.89 | Glancy Prongay & Murray, LLP |
| | | | | | |
| **Dr. Devang Patel** | 2,000 | 2,000 | $31,792.50 | $21,841.02 | Levi & Korsinsky, LLP |
| | | | | | |
| **Ming Xing Zhang** | 4,230 | 4,230 | $41,437.00 | $20,352.00 | Pomerantz LLP |
| | | | | | |
| **Kamen Hadjiivanov** | 2,000 | 2,000 | $19,816.00 | $9,852.85 | The Rosen Law Firm, P.A. |
| | | | | | |
| | | | | | |
| 1. Number of shares purchased during class period | | | | | |
| 2. Net number of shares purchased during class period | | | | | |
| 3. Total net funds expended during class period | | | | | |
| 4. Class period loss LIFO | | | | | |

*See Hom v. Vale S.A.*, No. 15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863, at *8-9 (S.D.N.Y. Mar. 7, 2016) ("The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method."). As such, Mr. Nayman is the movant most incentivized to act as a vigorous advocate on behalf of the Class and is the presumptive Lead Plaintiff.[1]

Mr. Nayman also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedures ("Rule 23") and is well situated to represent all Class members. He signed a declaration attesting that, due to his substantial losses, he is motivated to seek the best possible recovery for himself and the Class, and if appointed as Lead Plaintiff, that he will monitor

---

[1] Since the filing of the competing motions, several movants have withdrawn their motions. Specifically, on November 2, 2021, movant Kamen Hadjiivanov withdrew his motion to serve as lead plaintiff. ECF No. 28. On November 8, 2021, movant Felipe de Castro Luna withdrew his motion to serve as lead plaintiff. ECF No. 30. And on November 9, 2021, movant William Bloomfield withdrew his motion to serve as lead plaintiff. ECF No. 31. Accordingly, Nayman's loss is over seven times larger than the closest remaining movant, Buford Tuttle Capital, LLC.

and direct the efforts and activities of proposed Lead Counsel to ensure that the litigation is prosecuted efficiently and effectively. *See* Nayman Decl., ¶¶ 3, 8, 10. In addition, Mr. Nayman is free of conflict and has further demonstrated his adequacy by selecting Wolf Haldenstein, a law firm with extensive experience and expertise in securities fraud and other class actions, as the proposed Lead Counsel. *See* Nayman Decl., ¶ 9.

As Mr. Nayman has the largest financial interest in the litigation and made a *prima facie* showing of his typicality and adequacy, he is entitled to the strong presumption that he is the "most adequate plaintiff." Under the PSLRA, that presumption can only be rebutted "upon proof" – record evidence – that he is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (rejecting "speculative and hypothetical argument that [the presumptive lead plaintiff] might be subject to a later attack by Defendants."); *see also Moshell v. Sasol Ltd.*, No. 20-cv-1008 (JSR), 2020 U.S. Dist. LEXIS 78106, at *6-7 (S.D.N.Y. May 4, 2020) (finding that speculative arguments did not rebut presumption of most adequate plaintiff). Accordingly, Mr. Nayman's motion should be granted in its entirety.

## II.  ARGUMENT

### A.  Mr. Nayman Is the Most Adequate Plaintiff

Mr. Nayman is a sophisticated investor with no conflicts, the largest financial interest and thus, is the presumptive Lead Plaintiff under the PSLRA.

#### 1.  Mr. Nayman Has the Largest Financial Interest

Mr. Nayman has the largest financial interest with $208,731.46 in losses. As the movant with the "largest financial interest in the relief sought by the class," Mr. Nayman is the "most adequate plaintiff." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii); 78u-4(a)(3)(B)(iii).

While the PSLRA does not specify how to calculate the size of a given plaintiff's financial interest, this Circuit's courts have traditionally focused on "financial loss" as the most relevant proxy for financial interest. *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008); *Li HongCheng v. Canada Goose Holdings Inc.*, No. 19-CV-8204 (VSB), 2019 U.S. Dist. LEXIS 209946, at *12 (S.D.N.Y. Dec. 5, 2019) (collecting cases for the proposition that "the magnitude of the loss suffered is normally the most significant factor when determining a movant's financial interest."). While "financial loss" is the most important factor, courts also consider three other factors: the number of shares purchased; the number of net shares purchased; and the total net funds expended by the plaintiffs during the class period. *See Africa v. Jianpu Tech., Inc.*, 21-CV-1419 (JMF), 2021 U.S. Dist. LEXIS 95246, at *2 (S.D.N.Y. May 19, 2021) (citing *Richman v. Goldman Sachs*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011)).

It cannot be disputed that Mr. Nayman has suffered the largest loss and therefore, has the largest financial interest of any other movant and is the presumptive "most adequate plaintiff." *See Hom*, 2016 WL 880201, at *2. His loss of $208,731.46 is almost $80,000 more than the second largest loss, suffered by William Bloomfield at $129,960.70 and more than seven times larger than largest remaining movant that has not withdrawn, Buford Tuttle Capital LLC. All three of the remaining factors also weigh in Mr. Nayman's favor because he purchased the largest number of shares (30,000); purchased the largest number of net shares (24,000); and expended the largest amount of net funds ($328,155.46). *See Glavan v. Revolution Lightning Techs., Inc.*, 19-cv-980 (JPO), 2019 U.S. Dist. LEXIS 125960 at *8-9 (S.D.N.Y. July 29, 2019). Under any metric, Mr. Nayman has the largest financial interest and is the presumptive "most adequate plaintiff."

### 2.     Mr. Nayman Satisfies the Adequacy and Typicality Requirements of Rule 23

Further, Mr. Nayman has made a preliminary showing of adequacy and typicality. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. 78u-4(a)(3)(B); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No 18-CV-3608 (VSB), 2019 U.S. Dist. LEXIS 14860, at *11 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (internal quotations omitted); *Sasol*, 2020 WL 2115410, at *4 (same).

First, as to adequacy, Mr. Nayman's interests mirror those of the Class in maximizing a potential recovery in this litigation. As he suffered substantial losses in his Katapult investments, Mr. Nayman is highly incentivized to vigorously pursue this litigation and oversee counsel. *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 U.S. Dist. LEXIS 108279, at *10 (S.D.N.Y. Oct. 10, 2008) (movant's "substantial financial stake in the litigation" suggests that it would vigorously prosecute claims on behalf of the class); *see also Baldwin v. Net 1 UEPS Techs., Inc.,* No. 19-cv-11174 (PKC), 2020 U.S. Dist. LEXIS 53522, at *8 (S.D.N.Y. Mar. 25, 2020) ("[F]inancial loss and . . . moving to be appointed lead plaintiff demonstrate sufficient interest in the outcome of the case."). Nor does Mr. Nayman have any antagonism towards the Class. *See Batter v. Hecla Mining Co.*, 19-cv-4883 (ALC), 2020 U.S. Dist. LEXIS 51665, at *13 (S.D.N.Y. Mar. 25, 2020) (the adequacy satisfied where "there is no conflict between the proposed lead plaintiff and the members of the class[.]").

Mr. Nayman selected and retained Wolf Haldenstein as his proposed Lead Counsel for the Class after careful consideration. With significant experience successfully litigating complex securities class actions, Wolf Haldenstein is well suited to prosecute this litigation. *See* Nayman Decl., ¶ 9; *Sasol*, 2020 WL 2115410, at *2 (finding adequacy requirement satisfied where movant

selected "firm experienced in securities class action litigation."). In addition to selecting highly qualified counsel, Mr. Nayman has the sophistication and willingness necessary to execute Lead Plaintiff's most critical function -- effectively oversee counsel in this case. *See* Nayman Decl., ¶ 10-11. Mr. Nayman is a sophisticated business person and an investor at Beechwood Capital Management LLC. *See* Nayman Decl., ¶ 3; *see also Hansen v. Ferrellgas Partners, L.P.,* No. 16-cv-7840 (RJS), 2017 U.S. Dist. LEXIS 8145, at *17 (S.D.N.Y. Jan. 19, 2017) (Presumptive lead plaintiffs were appointed where the Court was "unable to draw any meaningful inference (positive or negative) from the mere fact that [presumptive lead plaintiffs] purchased hundreds of thousands of dollars of stock in [the company]."). Accordingly, Mr. Nayman is adequate to represent the proposed Class.

Mr. Nayman is also typical to the Class and not subject to any potentially disqualifying unique defenses. "With respect to typicality, courts consider whether the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122 (VSB), 2019 U.S. Dist. LEXIS 218248, at *7 (S.D.N.Y. Dec. 17, 2019) (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)).

Additionally, Rule 23 does not require a lead plaintiff to be identically situated to all class members to satisfy typicality. *See id.* ("claims need not be identical."); *Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754, at *10 (S.D.N.Y. Dec. 19, 2013) (same); *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) ("[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things,

6

the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.").

Here, Mr. Nayman's claims are typical of the proposed Class because he: (i) suffered losses on his investments in Katapult securities; (ii) as a result of his reliance on Defendants' alleged misstatements and omissions concerning declining e-commerce retail sales and consumer spending behavior; (iii) therefore, his claims are based on the same course of events as the claims of the Class; and (iv) as a result thereof, his claims will rely upon the same legal theories as the Class as a whole.  Therefore, Mr. Nayman satisfies the typicality requirement.  *See Sasol,* 2020 U.S. Dist. LEXIS 78106, at *5 (finding movant typical where he sought "recovery for losses incurred as a result of defendants alleged misrepresentations and omissions with respect to a single course of conduct whose revelation resulted in declines in the price . . . securities.").

### 3.    The Presumption That Mr. Tseng Should Be Appointed Lead Plaintiff Cannot Be Rebutted

To overcome the presumption that Mr. Nayman should not be appointed as Lead Plaintiff, the PSLRA allows competing movants to offer proof that he is atypical or inadequate.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II); 77z-1(a)(3)(B)(iii)(II); *see also Sarepta,* 2019 WL 6873807, at *5 (proof is required to rebut presumption of adequacy). Once the court "identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 524, 535 (quoting *Sofran v. LaBranche & Co.* 220 F.R.D. 398, 402 (S.D.N.Y. 2004)).

Indeed, in a recent decision, the Ninth Circuit vacated the decision of a district court, which did not appoint the movant with largest financial loss as lead plaintiff, holding that the burden is on the opposition to rebut the presumption. *See Mersho v. U.S. Dist. Court*, No. 20-73819, 2021

7

U.S. App. LEXIS 21887 (9th Cir. July 23, 2021) ("The district court effectively left the burden on Group II to prove adequacy at step three even though the burden should have shifted to the competing movants to show inadequacy.").    The PSLRA does not authorize a district court to depart from the statute's intention that the movant with the largest financial interest be appointed lead plaintiff in favor of appointing "as lead plaintiff the most sophisticated investor available." *Herrgott v. U.S. Dis. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F. 3d 726, 739 (9th Cir. 2002).    Whether "another plaintiff may be 'more typical' or 'more adequate' is of no consequence." *Khunt,* 102 F. Supp. 3d at 536.

Here, there is no proof that can be offered to rebut the presumption.  As discussed above, Mr. Nayman satisfies the requirements of the PSLRA and as a result, the Court should appoint the presumptive lead plaintiff - Mr. Nayman - as the lead plaintiff.

## CONCLUSION

For the foregoing reasons, Mr. Nayman respectfully requests that the Court grant his motion and enter an Order: (1) appointing Mr. Nayman as Lead Plaintiff; (2) approving Mr. Nayman's selection of Wolf Haldenstein as Lead Counsel for the putative Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: November 9, 2021                            Respectfully submitted,

/s/ Matthew M. Guiney
Matthew M. Guiney
Patrick Donovan
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Guiney@whafh.com
Donovan@whafh.com

8

*Proposed Lead Counsel and Counsel for Movant Matis Nayman*

9