UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GINA MCINTOSH,
                        Plaintiff,

-v-

KATAPULT HOLDINGS, INC., *et al.*,
                        Defendants.

21-CV-7251 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Movant Matis Nayman seeks appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). (*See* Dkt. No. 10.) Mr. Nayman also requests that Wolf Haldenstein Adler Freeman & Herz LLP be appointed as lead counsel. (*See id.*) Matis Nayman is appointed lead plaintiff, and Wolf Hadenstein is appointed lead counsel.

## I.    Appointment of Lead Plaintiff

Movant Matis Naymen seeks appointment as lead plaintiff. Six other movants also initially sought appointment as lead plaintiff, but they have each since withdrawn their motion, filed a notice of non-opposition, or otherwise failed to oppose Matis Nayman's appointment. (*See* Dkt. No. 28; Dkt. No. 29; Dkt. No. 30; Dkt. No. 33; Dkt. No. 34.) Accordingly, Movant Matis Naymen's motion is granted as unopposed, and Mr. Naymen is appointed as lead plaintiff.

In any event, Mr. Naymen is the member most capable of adequately representing the interest of class members. The PSLRA directs a court to "appoint as lead plaintiff the members or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Ordinarily, "the lead plaintiff should be the plaintiff who (a) has either filed a complaint or moved for lead plaintiff status; (b) has the largest financial interest in the relief sought; and (c) otherwise

1

satisfies the typicality and adequacy requirements of [Federal Rule of Civil Procedure 23]." *Phuong Ho v. NQ Mobile, Inc.*, 2014 WL 1389636, at *1 (S.D.N.Y. Apr. 9, 2014).

Mr. Nayman has the largest financial interest here. Four factors bear on whether a plaintiff has the largest financial interest: "(1) the [total] number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y.), *opinion adhered to on reconsideration sub nom. In re Olsten Corp.*, 181 F.R.D. 218 (E.D.N.Y. 1998). "The fourth factor—approximate losses—is the most important." *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019). Mr. Nayman states that he lost $208,155.46 during the class period—the highest amount among the movants here. (*See* Dkt. No. 19-2; Dkt. No. 19-3.)

To be appointed, a prospective lead plaintiff must also make a "preliminary showing that it satisfies the typicality and adequacy requirements of [Rule 23]." *Kniffin*, 379 F. Supp. 3d at 265. A movant satisfies the typicality requirement where it has "suffered the same injuries as the other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Id.* In evaluating a movant's adequacy, a court considers: "(1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation." *Id.* Mr. Naymen has made a preliminary showing that his claims are typical and adequate here. (*See* Dkt. No. 13 at 5-7.)

II.     **Appointment of Lead Counsel**

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Plaintiff Matis Naymen has selected Wolf Haldenstein Adler Freeman & Herz LLP as counsel.

Wolf Haldenstein is competent and experienced.  *See Kniffin*, 379 F. Supp. 3d at 266; (Dkt. No. 19-4.)  Accordingly, Wolf Haldenstein is appointed lead counsel.

### III. Conclusion

For the foregoing reasons, Movant Matis Naymen's motion to appoint lead plaintiff and lead counsel is GRANTED.  Movants Devang Patel, William Bloomfield, Buford Tuttle Capital, LLC, Ming Xing Zhang, and Felipe de Castro Luna's motions to appoint lead plaintiff and lead counsel are DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 5, 8, 10, 15, 20, and 24.

SO ORDERED.

Dated: May 26, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

3