UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GINA McINTOSH, MATIS NAYMAN and FELIPE
DE CASTRO LUNA, individually and on behalf of
all others similarly situated,

               Plaintiffs,

      v.

KATAPULT HOLDINGS, INC., LEE EINBINDER,
HOWARD KURZ, ORLANDO ZAYAS, KARISSA
CUPITO, and DEREK MEDLIN,

               Defendants.

Case No. 1:21-cv-07251-JPO

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**

COOLEY LLP
Aric H. Wu
Brian M. French
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
ahwu@cooley.com
bfrench@cooley.com

COOLEY LLP
Koji F. Fukumura (*pro hac vice*)
10265 Science Center Drive
San Diego, CA 92121
Tel: (858) 550-6000
kfukumura@cooley.com

*Attorneys for Defendants Katapult Holdings,
Inc., Lee Einbinder, Howard Kurz, Orlando
Zayas, Karissa Cupito, and Derek Medlin*

January 9, 2023

## PRELIMINARY STATEMENT

When Plaintiffs' counsel saw a redacted complaint filed in a parallel Delaware proceeding, they did what responsible attorneys would do—they read it. But then they did something that responsible attorneys would never do—they tried to break the file's security protections to access the confidential information underneath. And having succeeded, they are now using the pirated confidential information to try to cure their deficient pleading during the PSLRA discovery stay.

The Court should not allow this. Plaintiffs' maneuver cannot be squared with the policy of the PSLRA. Nor should the Court declare open season for officers of the legal system to try to profit from cracking security protections in court filings. The Court should strike Plaintiffs' Second Amended Complaint and order them to file a new pleading that removes any reliance on the confidential materials.

## BACKGROUND

This Motion is a tale of two actions. This is the first action, which was filed in August 2021. ECF No. 1. Lead Plaintiff motions were filed in October 2021, and the Court resolved them in June 2022. ECF Nos. 5-27, 40. The Court then set a schedule—ordering Plaintiffs to amend the complaint by July 29, 2022, and ordering Defendants to move to dismiss by September 23, 2022. ECF No. 42.

The second action is in Delaware. In early 2022, a different plaintiff (the "Delaware Plaintiff") asked to inspect Katapult's books and records under Section 220 of the Delaware General Corporations Law, 8 *Del. C.* § 220. Wu Decl. ¶ 2.[1] In response—and under a standard confidentiality agreement—Katapult produced a number of documents to the Delaware Plaintiff

---

[1] "Ex." refers to the exhibits attached to the Declaration of Aric H. Wu, filed concurrently herewith. Unless otherwise noted, all emphasis is added, and all internal citations, quotation marks, and alterations are omitted.

and his counsel, Bernstein Litowitz Berger & Grossmann LLP. Wu Decl. ¶ 3. On August 25, 2022, the Delaware Plaintiff filed an action in the Delaware Court of Chancery, alleging that Lee Einbinder, Howard Kurz, and others breached their fiduciary duties in connection with the Katapult-FinServ merger. *See Saunders v. Einbinder, et al.*, C.A. No. 2022-0755-PAF (Del. Ch.). The complaint referenced Katapult's confidential, commercially sensitive information, so the Delaware Plaintiff filed it under seal. A few days later, and pursuant to Delaware Court of Chancery Rule 5.1, the Delaware Plaintiff filed a public version of the complaint that redacted the confidential information. Wu Decl. ¶ 4.

Back in New York, on September 21, 2022, Plaintiffs' counsel emailed Defendants' counsel to request all documents Katapult had produced to the Delaware Plaintiff. Wu Decl. ¶ 5; Ex. A. It was a strange request; after all, the action was subject to the PSLRA discovery stay. *See* 15 U.S.C. § 78u-4(b)(3)(B). Two days later, Defendants' counsel replied, asking for the basis of the request. Wu Decl. ¶ 6; Ex. A. Plaintiffs' counsel waited nearly a week before responding. Then, at 5:00 p.m. on Thursday, September 29, 2022, Plaintiffs' counsel sent an email apologizing for the "slow response" and asking for a time to "chat about the request." Wu Decl. ¶ 7; Ex. A. At 1:32 p.m. on Monday, October 3, 2022—and before discussing their request with Defendants' counsel—Plaintiffs' counsel sent a letter to the Court announcing that Plaintiffs would amend their complaint ▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬ Wu Decl. ¶ 8; Ex. B. During an ensuing call with Defendants' counsel, Plaintiffs' counsel admitted that they had managed to pry confidential text and images from beneath the redactions in the Delaware Plaintiff's complaint by extracting metadata and recreating the confidential text and

images in a separate document. Wu Decl. ¶ 9.

After learning what Plaintiffs had done, Defendants requested that the Delaware Plaintiff and ███████ take down the vulnerable file and replace it with a secure file. Wu Decl. ¶ 10. Both the Delaware Plaintiff and ███████ quickly complied. *Id.* So far as Defendants are aware, no member of the public—anywhere in the world—accessed their confidential information before the vulnerable file was taken down.

The parties then sent two more letters to the Court, arguing over whether Plaintiffs should be permitted to amend their complaint using pirated confidential information.[2] Wu Decl. ¶¶ 11-12; Exs. C, D. Although it allowed Plaintiffs to file a new, redacted pleading, the Court invited Defendants to challenge the use of their confidential information in a separate motion:

> ORDER, Plaintiffs may file an amended complaint, provided that any amended complaint shall be filed on or before November 4, 2022. The issues raised in Defendants' October 4, 2022 sealed letter regarding the confidentiality of information stemming from the parallel Delaware proceeding, *Saunders v. Lee Einbinder, et al.*, C.A. No. 2022-0755-PAF (Del. Ch.), and whether the use of such information implicates the PSLRA stay of discovery, may be addressed in separate letters or motions. In the interim, any such information contained in Plaintiffs' amended complaint shall be redacted when placed on the public record, with unredacted filings submitted to the Court according to section 2.C of this Court's Individual Rules. SO ORDERED.

ECF No. 56. On November 4, 2022, Plaintiffs filed the Second Amended Complaint ("SAC"), extensively copy-and-pasting redacted, confidential information from the Delaware Plaintiff's complaint. ECF No. 59.

---

[2] In addition, Plaintiffs' October 6, 2022 letter gleefully observed that ███████████████ ███████████, had also linked to the vulnerable file. Ex. D at 2 n.7. At Defendants' request, ███████████, too, removed the link. Wu Decl. ¶ 13.

## LEGAL STANDARD

Under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court thus has "discretion in deciding whether to grant motions to strike." *Capri Sun GmbH v. Am. Beverage*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019) (quoting *Orientview Techs. v. Seven For All Mankind*, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013)).

## ARGUMENT

The PSLRA is clear: "In any private action arising under" the federal securities laws, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). "Congress [thus] clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed." *Mangrove Partners Master Fund v. 683 Capital Partners*, 2020 WL 7335313, at *3 (S.D.N.Y. Dec. 14, 2020) (quoting *Medhekar v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996)); *see In re Optionable Sec. Litig.*, 2008 WL 4629985, at *1 (S.D.N.Y. Oct. 20, 2008) ("The 'Stay of Discovery' provision of the Act clearly contemplates that discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint.").

For that reason, courts refuse to permit plaintiffs to end-run the PSLRA stay using confidential materials obtained after a securities case commences. For example, Plaintiffs are barred from obtaining and using materials from stockholder inspection demands during the stay. *See, e.g.*, *Beiser v. PMC-Sierra*, 2009 WL 483321, at *1 (Del. Ch. Feb. 26, 2009) ("[A] plaintiff does not plead a proper purpose in a Section 220 action when the only end use for the requested documents that may be inferred is to assist in the prosecution of a federal action where discovery is stayed under the PSLRA."); *Klein v. Ellison*, 2021 WL 5104384, at *2 (N.D. Cal. June 25, 2021)

4

(denying plaintiffs' request for time to pursue a Section 220 demand that would circumvent the PSLRA stay); *In re Pattern Energy Grp. Sec. Litig.*, 2021 WL 312752, at \*3 (D. Del. Jan. 28, 2021) (denying plaintiffs' request to lift the PSLRA stay to permit a Section 220 demand); *In re Facebook S'holder Derivative Priv. Litig.*, 411 F. Supp. 3d 649, 658 (N.D. Cal. 2019) (same). Plaintiffs likewise are barred from using materials obtained through other discovery during the stay. *See, e.g.*, *In re: Petrobras Sec. Litig.*, 2016 WL 3144395, at \*3 (S.D.N.Y. May 5, 2016) (denying request to replead using discovery materials because "it would frustrate the purposes of the [PSLRA]"); *In re Bisys Sec. Litig.*, 496 F. Supp. 2d 384, 387 (S.D.N.Y. 2007) (denying request to replead using discovery materials because it "would wholly defeat th[e] policy" of the PSLRA), *aff'd sub nom. Pub. Emps. Ret. Ass'n of N.M. v. PricewaterhouseCoopers*, 305 F. App'x 742 (2d Cir. 2009).

The Court should apply the same logic here. Long after this action commenced and the PSLRA stay took effect, Plaintiffs pirated confidential material from a redacted filing in Delaware, which they are now using to try to survive a motion to dismiss. To permit this maneuver would "frustrate the purposes of the [PSLRA]," as Plaintiffs would effectively "receive the benefits of discovery without adequately pleading scienter before discovery began." *Petrobras*, 2016 WL 3144395, at \*3; *see Bisys*, 496 F. Supp. 2d at 387 ("[T]he PSLRA effectively shifted the burden to plaintiffs to acquire particularized knowledge of a party's scienter prior to obtaining discovery.").

That Plaintiffs acquired the confidential materials through self-help makes it worse, not better. Plaintiffs were well aware that these materials were confidential. Not only was the Delaware complaint redacted pursuant to Court of Chancery Rule 5.1, but also Plaintiffs had to manipulate the file to extract the metadata and recreate the confidential information in a separate document. This is difficult to reconcile with New York's ethical rules. For one thing, when an

5

attorney receives information she knows is confidential, she should "promptly notify" the owner, not exploit the information for personal gain. N.Y. R. of Prof'l Conduct 4.4(b); *see id.* at cmt. 2 ("[A] lawyer who reads or continues to read a document that contains privileged or confidential information may be subject to court-imposed sanctions, including disqualification and evidence-preclusion."). For another, attorneys are expected to independently investigate facts, not merely copy-and-paste allegations and information gathered by another attorney. N.Y. R. of Prof'l Conduct 1.3(a) (requiring "reasonable diligence"); *see also* NYCBA Formal Ethics Op. No. 2018-3, at 12 (2018) (copy-and-pasting information gathered by another attorney without independently analyzing it "may violate Rule 1.3['s]" mandate to "act with reasonable diligence . . . in representing a client"). Indeed, as Defendants' Motion to Dismiss the SAC explains, Plaintiffs make allegations based on isolated screenshots without realizing their allegations are contradicted by the remainder of the document.

Nor is it even relevant that a defendant in another, non-PSLRA case inadvertently revealed confidential information to the press. *See* Ex. D at 2 & nn.2-5 (Plaintiffs citing articles discussing Paul Manafort's case). In that case, Paul Manafort mistakenly disclosed his own confidential information to the press. *Id.* Because that case involved *none* of the questions raised here (*e.g.*, the PSLRA, pleading propriety), it is not clear why Plaintiffs repeatedly highlighted it in their letter. But assuming there is *some* connection, it bears emphasis that Manafort's case is distinguishable in every important respect. Manafort disclosed his own information; Defendants had nothing to do with the Delaware Plaintiff's mishap. Moreover, millions around the world saw Manafort's confidential information when the press published it in unredacted form; so far as Defendants are aware, no member of the public—anywhere—has seen Defendants' confidential information.

6

To condone Plaintiffs' conduct would encourage it and have perverse consequences. Most obviously, it would incentivize attorney misconduct—both to "unintentionally" share confidential information, and to apply increasingly advanced techniques to crack security protections in legal filings. It would also put Defendants in a bind. How should they respond? Sue Bernstein Litowitz? That cannot possibly be the outcome Congress or the courts want. Defendants even face a Catch-22 in moving to dismiss. When Plaintiffs misinterpret document fragments because they lack the full document, Defendants are forced to choose between letting obvious mischaracterizations stand (potentially leading to expensive discovery and an extorted settlement)[3] and exposing *even more* of their confidential information to the very people who show no regard for confidentiality protections.

There is simply no way to square Plaintiffs' pre-discovery use of pirated confidential documents with the policy of the PSLRA, let alone with the policy of promoting responsible practices by officers of the legal system. *See* N.Y. R. of Prof'l Conduct Preamble ("As an officer of the legal system, each lawyer has a duty to uphold the legal process; to demonstrate respect for the legal system; to seek improvement of the law; and to promote access to the legal system and the administration of justice."). The Court should not allow this.

**CONCLUSION**

For these reasons, as an alternative to dismissing the SAC with prejudice, the Court should strike the SAC and order Plaintiffs to file a new pleading that removes any reliance on the confidential materials.

---

[3] *See Stoneridge Inv. Partners v. Sci.-Atlanta*, 552 U.S. 148, 163 (2008) ("[E]xtensive discovery and the potential for uncertainty and disruption in a lawsuit allow plaintiffs with weak claims to extort settlements from innocent companies.").

Dated: January 9, 2023

Respectfully submitted,

COOLEY LLP

By: /s/ Aric H. Wu
    Aric H. Wu

Aric H. Wu
Brian M. French
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
Fax: (212) 479-6275
ahwu@cooley.com
bfrench@cooley.com

Koji F. Fukumura (*pro hac vice*)
10265 Science Center Drive
San Diego, CA 92121
Tel: (858) 550-6000
Fax: (858) 550-6420
kfukumura@cooley.com

*Attorneys for Defendants Katapult Holdings,
Inc., Lee Einbinder, Howard Kurz, Orlando
Zayas, Karissa Cupito, and Derek Medlin*