**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GINA McINTOSH, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>KATAPULT HOLDINGS, INC., LEE EINBINDER, HOWARD KURZ, ORLANDO ZAYAS, KARISSA CUPITO and DEREK MEDLIN<br>        Defendants. | Case No. 1:21-cv-07251-JPO |

## MEMORANDUM OF LAW IN OPPOSITION TO
## <u>DEFENDANTS' MOTION TO STRIKE THE SECOND AMENDED COMPLAINT</u>

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
Matthew M. Guiney
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
guiney@whafh.com

*Lead Counsel for Plaintiffs and the Class*

March 6, 2023

1

## INTRODUCTION

Lead Plaintiff Matis Nayman and additional plaintiff Felipe de Castro Luna (collectively, the "Plaintiffs"), respectfully submit this memorandum of law in opposition to Defendants' motion to strike Plaintiffs' Second Amended Complaint ("Complaint").

As Defendants correctly observe, the pending motion to strike is based on a complaint filed in a related action pending before the Delaware Chancery Court that was attached to an article entitled ██████████████████████████████████████████████████ published on the ██████ website.[1]  As Plaintiffs previously explained in several letters to the Court, due to redaction failures in the public version of the complaint electronically filed with the Chancery Court and attached to the article, Plaintiffs had access to Katapult documents that directly support the allegations asserted against Defendants in this securities action.

The Defendants argue that Plaintiffs' Counsel "br[o]ke the file's security protections," "crack[ed] security protections" and "pirated" the information that was improperly redacted in the Delaware court filing. Def. Mem. at 1, 3, 5, 7. Defendants go so far as to speculate that Plaintiffs' counsel could employ "increasingly advanced techniques to crack security protections in legal filings" if the motion to strike is denied. Def. Mem. at 7.

But the reality is far more benign. As the Plaintiffs previously explained to the Court, the publically filed Delaware complaint was linked to an article published on the ██████ website and included in one (or more) of ██████ newsletters, which, according to ██████, reach "██████ ██████████████████████████████."[2] The publically filed and widely disseminated

[1] ████████████████████████████████████████████████████████████
██████████

[2] ████████████████████████████████████████

complaint suffered from what is commonly referred to as an "embarrassing redaction failure."[3] These failures are (surprisingly) commonplace and result in "disclos[ure of] information to the public that was previously confidential or unknown."[4]  Indeed, the disclosure of information became apparent simply by hovering the computer cursor over redacted parts of the complaint (which immediately highlighted a box containing the metadata) and then "us[ed] a technique that nearly all word processing users know—copy and paste."[5]  Anyone with a computer may do likewise.[6]  In short, the information *itself* was widely disseminated by a legal publication and delivered directly to the inbox of every ███████ newsletter recipient – Plaintiffs' counsel included. Indeed, the embarrassing redaction failure version of the complaint *remained* accessible on other legal websites more than a month after the publicly filed complaint was made available online.[7]

And in this case, pursuant to Delaware Court of Chancery Rule 5.1(e)(1), the Defendants *themselves* should have received a copy of the proposed redacted public version of the document

---

[3]    https://www.americanbar.org/content/dam/aba/publications/judges_journal/vol58no2-jj2019-tech.pdf ("The purpose of this column is to remind our profession of the embarrassment that can occur when anyone submits a 'redacted' document to the public that does not protect the confidential information the attempted redaction intended to keep secret").

[4] *Id.*

[5] *Id.*

[6]    https://apnews.com/article/fbb991346a25f787db61bc0f74b0ba20    ("Attorneys for Paul Manafort appeared to have mistakenly filed a court document Tuesday that made portions that were supposed to be redacted completely readable. [. . .] The redacted portions could be accessed by copying and pasting portions that are blacked out, meaning *anyone with a computer* could read what was meant to remain secret.")

[7]    ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

filed in Delaware and could have, at *any* time, simply confirmed that the public filing would be properly redacted in a fashion that would have removed the underlying data from transmittal to the public at large.

At bottom, Defendants' motion to strike should be denied because it fails, both as a matter of black letter law and as a matter of fact.

## ARGUMENT

Defendants' motion to strike should be denied for the following reasons.

### 1. The Motion Fails to Satisfy The Rule 12(f) Standard

Defendants' motion to strike should be denied because it completely fails to satisfy the Rule 12(f) standard. Defendants cite the relevant legal standard for a motion to strike in support of the motion (Def. Mem. at 4), but never cite to Rule 12(f) or a case considering the rule again in the entire memorandum. For good reason: the facts do not support the argument.

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Goolden v. Wardak*, No. 19-CV-6257 (JPO), 2020 U.S. Dist. LEXIS 131748, at *17-18 (S.D.N.Y. July 23, 2020). But Defendants do not argue that the allegedly "pirated" information is "redundant, immaterial, impertinent, or scandalous matter." *Id.* In fact, those words never appear in Defendants' memorandum of law other than in the legal standard presented. In this way, *on its face*, the motion fails the relevant legal test and should be denied for this independent reason alone. Moreover, "motions to strike under Rule 12(f) are rarely successful." *Id.* Here, Defendants do not even attempt to satisfy the relevant legal standard with a single fact or legal citation. The motion to strike should be denied.

## 2.  <u>Defendants' Citation to the PSLRA is Irrelevant</u>

Defendants' argument in support of the motion to strike relies on the Private Securities Litigation Reform Act of 1995 ("PSLRA") rather than Rule 12(f) of the Rules of Civil Procedure. Specifically, Defendants argue that the Court should apply "the same logic" as the PSLRA because, under Defendants' argument, to allow Plaintiffs to use the improperly redacted information would "frustrate the purposes of the PSLRA" and "cannot be squared with the policy of the PSLRA." Def. Mem. at 1. But this argument suffers from the same fatal flaw as Defendants' Rule 12(f) argument: there are no facts or law in support of the argument.

As an initial matter, the PSLRA was designed to deter the "abusive practices committed in private securities litigation" which includes "the routine filing of lawsuits. . . with only faint hope that the discovery process might lead eventually to some plausible cause of action." 141 Cong. Rec. H13699 (daily ed. Nov. 28, 1995) (statement of House managers); *see also* S. Rep. No. 104-98, at *14 (1995) (testimony before the Senate included the following statement: "once the suit is filed, the plaintiff's law firm proceeds to search through all of the company's documents and take endless depositions for the slightest positive comment which they can claim induced the plaintiff to invest and any shred of evidence that the company knew a downturn was coming" (citations omitted)). *Faulkner v. Verizon Communs.*, Inc., 156 F. Supp. 2d 384, 406 (S.D.N.Y. 2001). Here, however, Plaintiffs have not sought any discovery from the Defendants, and the Defendants have not produced any documents to the Plaintiffs. Rather, the information that was improperly redacted and disseminated to the public at large constitutes "actual knowledge of the plaintiffs" rather than information "produced by defendants." See Def. Mem. at 4.

Defendants' authority proves the point. Specifically, Defendants cite *Mangrove Partners Master Fund v. 683 Capital Partners*, No. 20-CV-2290 (LJL), 2020 WL 7335313, at *3 (S.D.N.Y.

Dec. 14, 2020) for the proposition that "Congress [thus] clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed." Def. Mem. at 4. But that is precisely what will happen in this case. Here, Plaintiffs have actual knowledge of the improperly redacted information and have incorporated the information into the complaint. Defendants have not produced any information after the action was filed and Plaintiffs have not sought such information from Defendants. Discovery in this case is stayed pursuant to the PSLRA. At bottom, Defendants' argument is an *ipse dixit*: Defendants argue baldly that "the Court should now allow this" (Def. Mem. at 7) without any citation to law or fact in support. The motion should be denied for this independent reason as well.

### 3. Defendants' Arguments Concerning Professional Conduct Are Baseless

Defendants argue that Plaintiffs' Counsel's actions are "difficult to reconcile with New York's ethical rules." Def. Mem. at 5. This argument is completely without merit. As counsel previously advised the Court, "while Plaintiffs believe that the widespread disclosure of this information on the internet vitiated all possible claims of confidentiality that may have previously attached to the underlying documents, Plaintiffs are not opposed to filing the amended complaint in redacted form." (October 3, 2022 ltr. from M. Guiney to Court). In fact, Plaintiffs' Counsel did not improperly access *any* information and Defendants' citation to Rule 4.4(b) of the New York Rules of Professional Conduct proves the point. As an initial matter, Plaintiffs did not receive the improperly redacted complaint from Defendants' counsel (or any attorney) and plaintiffs are not a party to the Delaware action in any event. Instead, as set forth above, the information was widely disseminated and published on the Internet. Even if Rule 4.4(b) applied, Plaintiffs complied with the Rule by notifying Defendants' counsel of the redaction failure in connection

6

with the October 3, 2022 letter.[8]  Furthermore, Plaintiffs were not prohibited from viewing the information or using it in any amended pleading and Defendants present no legal authority whatsoever to the contrary.  Indeed, "Rule 4.4(b) imposes no obligations or restrictions on the receiving lawyer [which Plaintiffs do not believe they were in any event] beyond requiring the lawyer to notify the sender [which Plaintiffs did, in an abundance of caution, in a non-public fashion in any event]."[9]

## CONCLUSION

For all of the foregoing reasons, the motion to strike the Complaint should be denied.

Dated:  March 6, 2023                              Respectfully submitted,

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

/s/ Matthew M. Guiney
Matthew M. Guiney
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
guiney@whafh.com

*Lead Counsel for Plaintiffs and the Class*

Brian Schall (Pro Hac Vice forthcoming)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel*

---

[8] And "out of an abundance of caution" plaintiffs filed the letter pursuant to Section 1.B of the Court's rules.

[9] https://www.nycbar.org/member-and-career-services/committees/reports-listing/reports/detail/formal-opinion-2019-3-obligations-regarding-a-lawyers-use-of-information-inadvertently-sent-by-another