UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GINA McINTOSH, MATIS NAYMAN and FELIPE DE CASTRO LUNA, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br> v.<br><br>KATAPULT HOLDINGS, INC., LEE EINBINDER, HOWARD KURZ, ORLANDO ZAYAS, KARISSA CUPITO, and DEREK MEDLIN,<br><br>   Defendants. | Case No. 1:21-cv-07251-JPO |

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE THE SECOND AMENDED COMPLAINT

COOLEY LLP
Aric H. Wu
Brian M. French
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
ahwu@cooley.com
bfrench@cooley.com

COOLEY LLP
Koji F. Fukumura (*pro hac vice*)
10265 Science Center Drive
San Diego, CA 92121
Tel: (858) 550-6000
kfukumura@cooley.com

*Attorneys for Defendants Katapult Holdings, Inc., Lee Einbinder, Howard Kurz, Orlando Zayas, Karissa Cupito, and Derek Medlin*

April 11, 2023

## <u>ARGUMENT</u>

The key facts are undisputed and decisive: Long after this action commenced and the Private Securities Litigation Reform Act stay took effect, Plaintiffs pirated confidential material from a redacted filing in Delaware, which they are now using to try to survive a motion to dismiss. To permit this maneuver would "frustrate the purposes of the [PSLRA]," as Plaintiffs would effectively "receive the benefits of discovery without adequately pleading scienter before discovery began." *In re: Petrobras Sec. Litig.*, 2016 WL 3144395, at *3 (S.D.N.Y. May 5, 2016). The Court should therefore strike Plaintiffs' Second Amended Complaint under Rule 12(f) and order them to file a new pleading that removes any reliance on the confidential materials.[1]

Plaintiffs' paper-thin opposition contains three counterarguments. None has merit.

*First*, Plaintiffs suggest that Rule 12(f) cannot be used to strike allegations even if they offend the PSLRA. Opp'n at 4. That is incorrect. Rule 12(f) permits courts to strike allegations that do not comply with the law or court orders. *See, e.g.*, *Cummings v. City of N.Y.*, 2021 WL 1163654, at *3 (S.D.N.Y. Mar. 26, 2021), *aff'd*, 2022 WL 2166585 (2d Cir. June 16, 2022); *Honig v. Hansen*, No. 1:20-cv-05872-AKH, ECF No. 111 (S.D.N.Y. Sept. 14, 2021); *see also* *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases striking or dismissing complaints filed in violation of court orders). Rule 12(f) also permits courts to strike allegations that improperly rely on confidential materials. *See Li v. China Merchants Bank*, 2023 WL 146853, at *3 (S.D.N.Y. Jan. 6, 2023); *Whitehead v. Gateway Chevrolet*, 2004 WL 316413, at *4 (N.D. Ill. Feb. 2, 2004).

---

[1] "MTS" refers to Defendants' memorandum in support of their motion to strike. ECF No. 69. "Ex." refers to the exhibits attached to the Declaration of Aric H. Wu in support of Defendants' MTS. ECF No. 70. "Opp'n" refers to Plaintiffs' opposition to Defendants' MTS. ECF No. 77. Unless otherwise noted, all emphasis is added, and all internal citations, quotation marks, and alterations are omitted.

*Second*, Plaintiffs argue that their allegations cannot offend the PSLRA because they did not obtain the underlying materials *directly* from Defendants. Opp'n at 5 ("Plaintiffs have not sought any discovery from the Defendants, and the Defendants have not produced any documents to the Plaintiffs."); *id.* at 6 ("Defendants have not produced any information after the action was filed and Plaintiffs have not sought such information from Defendants."). But that misses the point entirely.[2] The issue is not chain of custody. It is that the PSLRA precludes securities plaintiffs, during a discovery stay, from using confidential materials obtained after a securities case commences. MTS at 4-5 (collecting cases). That principle squarely applies here. And Plaintiffs cannot evade it merely because Bernstein Litowitz briefly posted the vulnerable file online. *See* Opp'n at 5-6. Even after being invited to do so, MTS at 3, 6, Plaintiffs do not identify any member of the public—anywhere—who saw Katapult's confidential information before it was taken down.

*Third*, rather than comply with New York's ethical rules, Opp'n at 6-7, Plaintiffs' counsel did not "promptly notify" Defendants' counsel of the vulnerable file. N.Y. R. of Prof'l Conduct 4.4(b) (requiring the receiving attorney to "promptly notify" the owner). Plaintiffs' counsel obviously knew about the vulnerable file before making their strange document request on September 21, 2022, yet they waited two more weeks to write to the Court.[3] MTS at 2; Exs. A, B. They also ignore that any "lawyer who reads or continues to read a document that contains privileged or confidential information"—as Plaintiffs' counsel did—"may be subject to court-imposed sanctions." N.Y. R. of Prof'l Conduct 4.4(b) cmt. 2. And as for Defendants' argument

---

[2] Nor is it even true that "Plaintiffs have not sought [any] information from Defendants." Opp'n at 6. They requested *exactly the same* information on September 21, 2022. MTS at 2.

[3] There is, of course, a simple explanation for Plaintiffs' counsel's unnecessary delay in notifying Defendants' counsel: They hoped someone else would discover Bernstein Litowitz's mistake and *actually publish* the confidential information. Fortunately, that never happened.

that Plaintiffs' counsel violated New York Rule of Professional Conduct 1.3(a), MTS at 6, Plaintiffs' brief is tellingly silent.

## CONCLUSION

For these reasons and those stated in Defendants' MTS, as an alternative to dismissing the Second Amended Complaint with prejudice, the Court should strike it and order Plaintiffs to file a new pleading that removes any reliance on the confidential materials.


Dated: April 11, 2023

Respectfully submitted,

COOLEY LLP

By: */s/ Aric H. Wu*
   Aric H. Wu

Aric H. Wu
Brian M. French
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
Fax: (212) 479-6275
ahwu@cooley.com
bfrench@cooley.com

Koji F. Fukumura (*pro hac vice*)
10265 Science Center Drive
San Diego, CA 92121
Tel: (858) 550-6000
Fax: (858) 550-6420
kfukumura@cooley.com

*Attorneys for Defendants Katapult Holdings, Inc., Lee Einbinder, Howard Kurz, Orlando Zayas, Karissa Cupito, and Derek Medlin*