UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

GINA McINTOSH, *individually and on behalf of all others similarly situated*,

      Plaintiff,

  -against-

KATAPULT HOLDINGS, INC., *et al.*,

      Defendants.

----------------------------------------------------------- X

Case No. 1:21-cv-07251-AS

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendants Katapult Holdings, Inc., Lee Einbinder, Howard Kurz, and Orlando Zayas, by and through their undersigned counsel, collectively submit their answer to the Second Amended Complaint, ECF No. 59, and respond as follows. The Court dismissed Karissa Cupito and Derek Medlin from the action on August 8, 2023, ECF No. 84; only the remaining Defendants submit this answer. All allegations—including those contained in headings, subheadings, and footnotes— not expressly admitted herein are denied. In addition, Defendants have no obligation to respond to and expressly deny any and all allegations relating to claims the Court dismissed in its August 8, 2023 Opinion and Order, ECF No. 84.

1. Defendants deny the allegations in Paragraph 1, except state that Paragraph 1 purports to characterize Plaintiffs' current and former claims, to which no response is required.

2. Defendants deny the allegations in Paragraph 2, except state that Paragraph 2 purports to characterize Plaintiffs' current and former claims, to which no response is required.

3. Defendants deny the allegations in Paragraph 3, except state that Paragraph 3 purports to characterize and quote from the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its

contents.

4.      Defendants deny the allegations in Paragraph 4, except state that Paragraph 4 purports to characterize and quote from the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

5.      Defendants deny the allegations in Paragraph 5, except state that Katapult generates certain business through waterfall arrangements with certain prime lenders, whereby if the prime lender denies an application, Katapult receives the opportunity to approve it.

6.      Defendants admit the allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8, except state that Paragraph 8 purports to characterize and quote from a press release issued on December 18, 2020, to which Defendants respectfully refer the Court for its contents.

9.      Defendants admit the allegations in Paragraph 9.

10.     Defendants state that no response is required to the allegations in Paragraph 10 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 10, except state that Paragraph 10 purports to characterize public filings, to which Defendants respectfully refer the Court for their contents.

11.     Defendants state that no response is required to the allegations in Paragraph 11 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 11, except state that Paragraph 11 purports to characterize and quote from a press release Katapult issued on August 10, 2021, to which Defendants respectfully refer the Court for its contents.

12. Defendants deny the allegations in Paragraph 12, except state that Paragraph 12 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

13. Defendants deny the allegations in Paragraph 13, except state that information regarding the price and volume of trading in Katapult common stock is a matter of public record and speaks for itself.

14. Defendants deny the allegations in Paragraph 14, except state that Katapult withdrew its 2021 guidance on August 10, 2021.

15. Defendants state that no response is required to the allegations in Paragraph 15 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 15, except state that Paragraph 15 states a legal conclusion to which no response is required.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants state that no response is required to the allegations in Paragraph 19 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 19, except state that Katapult issued 2021 guidance on June 15, 2021.

20. Defendants state that no response is required to the allegations in Paragraph 20 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22, except state that Paragraph 22 purports to characterize Plaintiffs' current and former claims, to which no response is required.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24, except state that (i) venue for this action is proper in this District, (ii) Katapult transacts business in this District, and (iii) Katapult was headquartered in this District until Q1 2021, at which point it changed its headquarters to Plano, Texas.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26, except state that (i) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and deny the allegations on that basis, (ii) Nayman filed a certification purporting to evidence his transactions in FinServ and Katapult securities, and (iii) to the extent Paragraph 26 states a legal conclusion, no response is required.

27.     Defendants deny the allegations in Paragraph 27, except state that de Castro Luna filed a certification purporting to evidence his transactions in FinServ and Katapult securities.

28.     Defendants deny the allegations in Paragraph 28, except state that Paragraph 28 purports to characterize Plaintiffs' current and former claims, to which no response is required.

29.     Defendants admit the allegations in Paragraph 29.

30.     Defendants admit the allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31, except state that Cupito served as Katapult's CFO from November 2017 until December 2022.

32.     Defendants deny the allegations in Paragraph 32, except state that (i) Medlin has served as Katapult's COO since July 2018, and (ii) Paragraph 32 purports to characterize public

filings describing the compensation Medlin and other Katapult officers received, to which Defendants respectfully refer the Court for their contents.

33.     Defendants deny the allegations in Paragraph 33, except state that Plaintiffs purport to refer to Katapult, Zayas, Medlin, and Cupito collectively in the Second Amended Complaint as the "Katapult Individual Defendants."

34.     Defendants admit the allegations in Paragraph 34.

35.     Defendants admit the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36, except state that Plaintiffs purport to refer to Einbinder and Kurz collectively in the Second Amended Complaint as the "FinServ Defendants."

37.     Defendants deny the allegations in Paragraph 37, except state that (i) the Court has personal jurisdiction over the remaining Defendants, and (ii) Paragraph 37 states a legal conclusion to which no response is required

38.     Defendants deny the allegations in Paragraph 38, except state that Paragraph 38 states legal conclusions to which no response is required.

39.     Defendants deny the allegations in Paragraph 39, except state that Plaintiffs purport to refer to the Katapult Individual Defendants and the FinServ Defendants collectively in the Second Amended Complaint as "the Individual Defendants."

40.     Defendants deny the allegations in Paragraph 40, except state that Plaintiffs purport to refer to Katapult, the Katapult Individual Defendants, and the FinServ Defendants collectively in the Second Amended Complaint as "Defendants."

41.     Defendants deny the allegations in Paragraph 41 and Footnote 1, except state that (i) Paragraph 41 and Footnote 1 purport to characterize, quote from, and cite to a *Wall Street*

*Journal* article published on February 5, 2021, to which Defendants respectfully refer the Court for its contents, and (ii) to the extent the allegations in Paragraph 41 constitute Plaintiffs' characterizations of SPACs generally, no response is required.

42.     Defendants deny the allegations in Paragraph 42, except state that the allegations in Paragraph 42 constitute Plaintiffs' characterization of SPACs generally to which no response is required.

43.     Defendants deny the allegations in Paragraph 43 and Footnotes 2, 3, and 4, except state that (i) Paragraph 43 and Footnotes 2, 3, and 4 purport to characterize, quote from, and cite to public documents, to which Defendants respectfully refer the Court for their contents, and (ii) to the extent the allegations in Paragraph 43 constitute Plaintiffs' characterizations of SPACs generally, no response is required.

44.     Defendants deny the allegations in Paragraph 44 and Footnote 5, except state that Paragraph 44 and Footnote 5 purport to characterize, quote from, and cite to a public document, to which Defendants respectfully refer the Court for its contents.

45.     Defendants deny the allegations in Paragraph 45, except state that (i) to the extent the allegations in Paragraph 45 constitute Plaintiffs' characterizations of SPACs generally, no response is required, and (ii) Plaintiffs do not identify the source of the allegations in the second sentence in Paragraph 45, which renders it unduly vague and improperly forces Defendants to speculate about its supposed basis, and Defendants deny the allegations on that basis.

46.     Defendants deny the allegations in Paragraph 46 and Footnote 6, except state that Paragraph 46 and Footnote 6 purport to quote from and cite to a public statement published on the SEC's website on April 8, 2021, to which Defendants respectfully refer the Court for its contents.

47.     Defendants deny the allegations in Paragraph 47.

48.    Defendants deny the allegations in Paragraph 48, except state that Paragraph 48 purports to characterize and quote from a public statement published on the SEC's website on April 8, 2021, to which Defendants respectfully refer the Court for its contents.

49.    Defendants deny the allegations in Paragraph 49, except state that to the extent the allegations in Paragraph 49 constitute Plaintiffs' characterizations of SPACs generally, no response is required.

50.    Defendants admit the allegations in Paragraph 50.

51.    Defendants deny the allegations in Paragraph 51, except state that Paragraph 51 purports to quote from the Rule 424(b)(4) prospectus FinServ filed with the SEC on November 4, 2019, to which Defendants respectfully refer the Court for its contents.

52.    Defendants deny the allegations in Paragraph 52, except state that Paragraph 52 purports to characterize the Form 8-K FinServ filed with the SEC on November 6, 2019, to which Defendants respectfully refer the Court for its contents.

53.    Defendants deny the allegations in Paragraph 53, except state that Paragraph 53 purports to characterize the Form 8-K FinServ filed with the SEC on November 6, 2019, to which Defendants respectfully refer the Court for its contents.

54.    Defendants deny the allegations in Paragraph 54, except state that Paragraph 54 purports to characterize the Form 8-K FinServ filed with the SEC on November 6, 2019, to which Defendants respectfully refer the Court for its contents.

55.    Defendants deny the allegations in Paragraph 55, except state that Paragraph 55 purports to characterize the Form 8-K FinServ filed with the SEC on November 6, 2019, to which Defendants respectfully refer the Court for its contents.

56.    Defendants deny the allegations in Paragraph 56, except state that Paragraph 56

purports to characterize the Rule 424(b)(4) prospectus FinServ filed with the SEC on November 4, 2019, to which Defendants respectfully refer the Court for its contents.

57.    Defendants deny the allegations in Paragraph 57, except state that Paragraph 57 purports to characterize and quote from the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

58.    Defendants admit the allegations in Paragraph 58.

59.    Defendants admit the allegations in Paragraph 59.

60.    Defendants deny the allegations in Paragraph 60, except state that Paragraph 60 purports to characterize and quote from a press release issued on December 18, 2020, to which Defendants respectfully refer the Court for its contents.

61.    Defendants state that no response is required to the allegations in Paragraph 61 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 61, except state that Paragraph 61 purports to characterize an investor presentation issued on December 18, 2020, to which Defendants respectfully refer the Court for its contents.

62.    Defendants state that no response is required to the allegations in Paragraph 62 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 62, except state that Paragraph 62 purports to characterize and excerpt from an investor presentation issued on December 18, 2020, to which Defendants respectfully refer the Court for its contents.

63.    Defendants deny the allegations in Paragraph 63, except state that Paragraph 63 purports to characterize and quote from a conference call Zayas, Medlin, Cupito, and Einbinder

participated in on January 20, 2021, and Defendants respectfully refer the Court to the transcript for its contents.

64. Defendants deny the allegations in Paragraph 64, except state that Paragraph 64 purports to characterize and quote from a conference call Zayas, Medlin, Cupito, and Einbinder participated in on January 20, 2021, and Defendants respectfully refer the Court to the transcript for its contents.

65. Defendants deny the allegations in Paragraph 65, except state that Paragraph 65 purports to characterize and quote from a conference call Zayas, Medlin, Cupito, and Einbinder participated in on January 20, 2021, and Defendants respectfully refer the Court to the transcript for its contents.

66. Defendants deny the allegations in Paragraph 66, except state that Paragraph 66 purports to characterize and quote from a conference call Zayas, Medlin, Cupito, and Einbinder participated in on January 20, 2021, and Defendants respectfully refer the Court to the transcript for its contents.

67. Defendants deny the allegations in Paragraph 67, except state that Paragraph 67 purports to characterize and quote from a conference call Zayas, Medlin, Cupito, and Einbinder participated in on January 20, 2021, and Defendants respectfully refer the Court to the transcript for its contents.

68. Defendants state that no response is required to the allegations in Paragraph 68 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 68, except state that Paragraph 68 purports to characterize and excerpt from the Form S-4 FinServ filed with the SEC on January 29, 2021, to which Defendants respectfully refer the Court for its contents.

69.     Defendants state that no response is required to the allegations in Paragraph 69 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 69, except state that Paragraph 69 purports to characterize and quote from an analyst day presentation issued on April 21, 2021, to which Defendants respectfully refer the Court for its contents.

70.     Defendants state that no response is required to the allegations in Paragraph 70 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 70, except state that Paragraph 70 purports to characterize an analyst day presentation issued on April 21, 2021, to which Defendants respectfully refer the Court for its contents.

71.     Defendants state that no response is required to the allegations in Paragraph 71 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 71, except state that Paragraph 71 purports to characterize public filings, to which Defendants respectfully refer the Court for their contents.

72.     Defendants deny the allegations in Paragraph 72, except state that Paragraph 72 purports to characterize Amendment No. 2 to Form S-4 FinServ filed with the SEC on May 5, 2021, to which Defendants respectfully refer the Court for its contents.

73.     Defendants deny the allegations in Paragraph 73, except state that Paragraph 73 purports to characterize Amendment No. 2 to Form S-4 and the preliminary prospectus and proxy statement FinServ filed with the SEC on May 5, 2021, to which Defendants respectfully refer the Court for their contents.

74.     Defendants deny the allegations in Paragraph 74, except state that Paragraph 74 purports to characterize the Notice of Effectiveness the SEC filed on May 14, 2021, to which

Defendants respectfully refer the Court for its contents.

75.    Defendants deny the allegations in Paragraph 75, except state that Paragraph 75 purports to characterize the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

76.    Defendants deny the allegations in Paragraph 76, except state that (i) Paragraph 76 purports to characterize the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents, and (ii) the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021 contained extensive, detailed risk factors about Katapult's business and more.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78, except state that Paragraph 78 purports to characterize and quote from a press release issued on May 19, 2021, to which Defendants respectfully refer the Court for its contents.

79.    Defendants deny the allegations in Paragraph 79, except state that Paragraph 79 purports to characterize and quote from a press release Katapult issued on June 9, 2021, to which Defendants respectfully refer the Court for its contents.

80.    Defendants deny the allegations in Paragraph 80, except state that Paragraph 80 purports to characterize and quote from a press release Katapult issued on June 10, 2021, to which Defendants respectfully refer the Court for its contents.

81.    Defendants state that no response is required to the allegations in Paragraph 81 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 81, except state that Paragraph 81 purports to characterize and quote from a press release Katapult issued on June 15, 2021, to which Defendants respectfully

refer the Court for its contents.

82.    Defendants state that no response is required to the allegations in Paragraph 82 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 82, except state that Paragraph 82 purports to characterize and quote from a press release Katapult issued on June 15, 2021, to which Defendants respectfully refer the Court for its contents.

83.    Defendants state that no response is required to the allegations in Paragraph 83 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 83, except state that Paragraph 83 purports to characterize public filings, to which Defendants respectfully refer the Court for their contents.

84.    Defendants state that no response is required to the allegations in Paragraph 84 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 84, except state that Paragraph 84 purports to characterize and quote from Katapult's June 15, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

85.    Defendants state that no response is required to the allegations in Paragraph 85 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 85, except state that Paragraph 85 purports to characterize and quote from Katapult's June 15, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

86.    Defendants state that no response is required to the allegations in Paragraph 86 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.    Defendants state that no response is required to the allegations in Paragraph 87 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 87, except state that Paragraph 87 purports to characterize and quote from the press release Katapult issued on August 10, 2021, to which Defendants respectfully refer the Court for its contents.

88.    Defendants state that no response is required to the allegations in Paragraph 88 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 88, except state that Paragraph 88 purports to characterize Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

89.    Defendants state that no response is required to the allegations in Paragraph 89 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 89, except state that Paragraph 89 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

90.    Defendants state that no response is required to the allegations in Paragraph 90 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91.    Defendants state that no response is required to the allegations in Paragraph 91 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92, except state that Paragraph 92 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants

respectfully refer the Court to the transcript for its contents.

93.    Defendants deny the allegations in Paragraph 93, except state that Paragraph 93 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

94.    Defendants deny the allegations in Paragraph 94, except state that Paragraph 94 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

95.    Defendants deny the allegations in Paragraph 95, except state that (i) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about analysts' thoughts and deny the allegations on that basis, and (ii) Paragraph 95 purports to characterize Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

96.    Defendants deny the allegations in Paragraph 96, except state that Paragraph 96 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

97.    Defendants deny the allegations in Paragraph 97, except state that Paragraph 97 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

98.    Defendants deny the allegations in Paragraph 98, except state that Paragraph 98 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

99.    Defendants deny the allegations in Paragraph 99, except state that Paragraph 99 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants

respectfully refer the Court to the transcript for its contents.

100.    Defendants deny the allegations in Paragraph 100, except state that Paragraph 100 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

101.    Defendants deny the allegations in Paragraph 101, except state that Paragraph 101 purports to characterize and quote from Katapult's August 10, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

102.    Defendants state that no response is required to the allegations in Paragraph 102 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 102, except state that (i) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about an analyst's thoughts and deny the allegations on that basis, and (ii) Paragraph 102 purports to characterize and quote from Loop Capital Markets' August 11, 2021 report, to which Defendants respectfully refer the Court for its contents.

103.    Defendants state that no response is required to the allegations in Paragraph 103 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 103, except state that information regarding the price and volume of trading in Katapult common stock is a matter of public record and speaks for itself.

104.    Defendants state that no response is required to the allegations in Paragraph 104 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 104, except state that Paragraph 104 purports to characterize and quote from an August 13, 2021 *Seeking Alpha* article, to which Defendants respectfully refer the Court for its contents.

105.    Defendants deny the allegations in Paragraph 105, except state that Paragraph 105 purports to characterize and quote from Katapult's November 9, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

106.    Defendants deny the allegations in Paragraph 106, except state that Paragraph 106 purports to characterize and quote from Katapult's November 9, 2021 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

107.    Defendants deny the allegations in Paragraph 107, except state that Paragraph 107 purports to characterize and quote from Katapult's March 15, 2022 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

108.    Defendants deny the allegations in Paragraph 108, except state that Paragraph 108 purports to characterize Katapult's March 15, 2022 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

109.    Defendants deny the allegations in Paragraph 109, except state that Paragraph 109 purports to characterize Katapult's March 15, 2022 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

110.    Defendants deny the allegations in Paragraph 110, except state that Paragraph 110 purports to characterize Katapult's March 15, 2022 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

111.    Defendants state that no response is required to the allegations in Paragraph 111 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 111, except state that Paragraph 111 purports to characterize Infinitum Partners' March 28, 2022 letter to Katapult's board of directors, to which Defendants respectfully refer the Court for its contents.

112. Defendants state that no response is required to the allegations in Paragraph 112 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 112, except state that Paragraph 112 purports to characterize and quote from Infinitum Partners' March 28, 2022 letter to Katapult's board of directors, to which Defendants respectfully refer the Court for its contents.

113. Defendants state that no response is required to the allegations in Paragraph 113 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 113, except state that Paragraph 113 purports to characterize and quote from Infinitum Partners' March 28, 2022 letter to Katapult's board of directors, to which Defendants respectfully refer the Court for its contents.

114. Defendants state that no response is required to the allegations in Paragraph 114 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 114, except state that Paragraph 114 purports to characterize and quote from Infinitum Partners' March 28, 2022 letter to Katapult's board of directors, to which Defendants respectfully refer the Court for its contents.

115. Defendants state that no response is required to the allegations in Paragraph 115 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 115, except state that Paragraph 115 purports to characterize Infinitum Partners' March 28, 2022 letter to Katapult's board of directors, to which Defendants respectfully refer the Court for its contents.

116. Defendants state that no response is required to the allegations in Paragraph 116 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 116, except state that Paragraph 116 purports to characterize and

quote from a May 2, 2022 *Seeking Alpha* article, to which Defendants respectfully refer the Court for its contents.

117.   Defendants deny the allegations in Paragraph 117, except state that Paragraph 117 purports to characterize and quote from a May 2, 2022 *Seeking Alpha* article, to which Defendants respectfully refer the Court for its contents.

118.   Defendants deny the allegations in Paragraph 118, except state that Paragraph 118 purports to characterize Katapult's May 10, 2022 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

119.   Defendants state that no response is required to the allegations in Paragraph 119 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 119, except state that Paragraph 119 purports to characterize and quote from a press release Katapult issued on May 10, 2022, to which Defendants respectfully refer the Court for its contents.

120.   Defendants state that no response is required to the allegations in Paragraph 120 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 120, except state that Paragraph 120 purports to characterize and quote from a press release Katapult issued on August 9, 2022, to which Defendants respectfully refer the Court for its contents.

121.   Defendants deny the allegations in Paragraph 121, except state that Paragraph 121 purports to characterize Katapult's August 9, 2022 earnings call, and Defendants respectfully refer the Court to the transcript for its contents.

122.   Defendants state that no response is required to the allegations in Paragraph 122 because the Court dismissed all related claims.

123. Defendants state that no response is required to the allegations in Paragraph 123 because the Court dismissed all related claims.

124. Defendants state that no response is required to the allegations in Paragraph 124 because the Court dismissed all related claims.

125. Defendants state that no response is required to the allegations in Paragraph 125 because the Court dismissed all related claims.

126. Defendants state that no response is required to the allegations in Paragraph 126 because the Court dismissed all related claims.

127. Defendants state that no response is required to the allegations in Paragraph 127 because the Court dismissed all related claims.

128. Defendants state that no response is required to the allegations in Paragraph 128 because the Court dismissed all related claims.

129. Defendants state that no response is required to the allegations in Paragraph 129 because the Court dismissed all related claims.

130. Defendants state that no response is required to the allegations in Paragraph 130 because the Court dismissed all related claims.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

136. Defendants state that no response is required to the allegations in Paragraph 136 because the Court dismissed all related claims.

137.    Defendants state that no response is required to the allegations in Paragraph 137 because the Court dismissed all related claims.

138.    Defendants state that no response is required to the allegations in Paragraph 138 because the Court dismissed all related claims.

139.    Defendants state that no response is required to the allegations in Paragraph 139 because the Court dismissed all related claims.

140.    Defendants state that no response is required to the allegations in Paragraph 140 because the Court dismissed all related claims.

141.    Defendants state that no response is required to the allegations in Paragraph 141 because the Court dismissed all related claims.

142.    Defendants state that no response is required to the allegations in Paragraph 142 because the Court dismissed all related claims.

143.    Defendants state that no response is required to the allegations in Paragraph 143 because the Court dismissed all related claims.

144.    Defendants state that no response is required to the allegations in Paragraph 144 because the Court dismissed all related claims.

145.    Defendants state that no response is required to the allegations in Paragraph 145 because the Court dismissed all related claims.

146.    Defendants state that no response is required to the allegations in Paragraph 146 because the Court dismissed all related claims.

147.    Defendants state that no response is required to the allegations in Paragraph 147 because the Court dismissed all related claims.

148.    Defendants state that no response is required to the allegations in Paragraph 148

because the Court dismissed all related claims.

149.    Defendants state that no response is required to the allegations in Paragraph 149 because the Court dismissed all related claims.

150.    Defendants state that no response is required to the allegations in Paragraph 150 because the Court dismissed all related claims.

151.    Defendants state that no response is required to the allegations in Paragraph 151 because the Court dismissed all related claims.

152.    Defendants state that no response is required to the allegations in Paragraph 152 because the Court dismissed all related claims.

153.    Defendants state that no response is required to the allegations in Paragraph 153 because the Court dismissed all related claims.

154.    Defendants state that no response is required to the allegations in Paragraph 154 because the Court dismissed all related claims.

155.    Defendants state that no response is required to the allegations in Paragraph 155 because the Court dismissed all related claims.

156.    Defendants state that no response is required to the allegations in Paragraph 156 because the Court dismissed all related claims.

157.    Defendants state that no response is required to the allegations in Paragraph 157 because the Court dismissed all related claims.

158.    Defendants state that no response is required to the allegations in Paragraph 158 because the Court dismissed all related claims.

159.    Defendants state that no response is required to the allegations in Paragraph 159 because the Court dismissed all related claims.

160.    Defendants state that no response is required to the allegations in Paragraph 160 because the Court dismissed all related claims.

161.    Defendants state that no response is required to the allegations in Paragraph 161 because the Court dismissed all related claims.

162.    Defendants state that no response is required to the allegations in Paragraph 162 because the Court dismissed all related claims.

163.    Defendants state that no response is required to the allegations in Paragraph 163 because the Court dismissed all related claims.

164.    Defendants state that no response is required to the allegations in Paragraph 164 because the Court dismissed all related claims.

165.    Defendants state that no response is required to the allegations in Paragraph 165 because the Court dismissed all related claims.

166.    Defendants state that no response is required to the allegations in Paragraph 166 because the Court dismissed all related claims.

167.    Defendants state that no response is required to the allegations in Paragraph 167 because the Court dismissed all related claims.

168.    Defendants state that no response is required to the allegations in Paragraph 168 because the Court dismissed all related claims.

169.    Defendants state that no response is required to the allegations in Paragraph 169 because the Court dismissed all related claims.

170.    Defendants state that no response is required to the allegations in Paragraph 170 because the Court dismissed all related claims.

171.    Defendants state that no response is required to the allegations in Paragraph 171

because (i) the Court dismissed all related claims, and (ii) Paragraph 171 purports to characterize Plaintiffs' legal strategy. To the extent a response is required, Defendants deny the allegations in Paragraph 171, except state that (i) Katapult's common stock met the requirements for listing and were listed and traded on the NASDAQ, (ii) Katapult filed periodic and other public reports with the SEC, (iii) Katapult communicated with public investors through various means of public disclosures, and (iv) Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about securities analysts and deny the allegations on that basis.

172.    Defendants state that no response is required to the allegations in Paragraph 172 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.    Defendants state that no response is required to the allegations in Paragraph 173 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174.    Defendants state that no response is required to the allegations in Paragraph 174 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 174.

175.    Defendants state that no response is required to the allegations in Paragraph 175 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 175.

176.    Defendants state that no response is required to the allegations in Paragraph 176 because (i) the Court dismissed all related claims, and (ii) Paragraph 176 states a legal conclusion. To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177.    Defendants deny the allegations in Paragraph 177, except state that Paragraph 177

purports to characterize Plaintiffs' current and former claims, to which no response is required.

178. Defendants deny the allegations in Paragraph 178, except state that (i) Paragraph 178 states a legal conclusion to which no response is required, and (ii) Katapult's common stock were listed and traded on the NASDAQ.

179. Defendants deny the allegations in Paragraph 179, except state that Paragraph 179 states a legal conclusion to which no response is required.

180. Defendants deny the allegations in Paragraph 180, except state that Paragraph 180 states a legal conclusion to which no response is required.

181. Defendants deny the allegations in Paragraph 181, except state that Paragraph 181 states a legal conclusion to which no response is required.

182. Defendants deny the allegations in Paragraph 182, except state that Paragraph 182 states a legal conclusion to which no response is required.

183. Defendants state that no response is required to the allegations in Paragraph 183 because (i) the Court dismissed all related claims, and (ii) Paragraph 183 states a legal conclusion. To the extent a response is required, Defendants deny the allegations in Paragraph 183.

184. Defendants state that no response is required to the allegations in Paragraph 184 because (i) the Court dismissed all related claims, and (ii) Paragraph 184 states a legal conclusion. To the extent a response is required, Defendants deny the allegations in Paragraph 184.

185. Defendants repeat and incorporate by reference each answer set forth above.

186. Defendants state that no response is required to the allegations in Paragraph 186 because the Court dismissed all related claims.

187. Defendants state that no response is required to the allegations in Paragraph 187 because the Court dismissed all related claims.

188. Defendants state that no response is required to the allegations in Paragraph 188 because the Court dismissed all related claims.

189. Defendants state that no response is required to the allegations in Paragraph 189 because the Court dismissed all related claims.

190. Defendants state that no response is required to the allegations in Paragraph 190 because the Court dismissed all related claims.

191. Defendants state that no response is required to the allegations in Paragraph 191 because the Court dismissed all related claims.

192. Defendants state that no response is required to the allegations in Paragraph 192 because the Court dismissed all related claims.

193. Defendants state that no response is required to the allegations in Paragraph 193 because the Court dismissed all related claims.

194. Defendants state that no response is required to the allegations in Paragraph 194 because the Court dismissed all related claims.

195. Defendants state that no response is required to the allegations in Paragraph 195 because the Court dismissed all related claims.

196. Defendants repeat and incorporate by reference each answer set forth above.

197. Defendants state that no response is required to the allegations in Paragraph 197 because the Court dismissed all related claims.

198. Defendants state that no response is required to the allegations in Paragraph 198 because the Court dismissed all related claims.

199. Defendants state that no response is required to the allegations in Paragraph 199 because the Court dismissed all related claims.

200.    Defendants state that no response is required to the allegations in Paragraph 200 because the Court dismissed all related claims.

201.    Defendants deny the allegations in Paragraph 201, except state that Paragraph 201 purports to characterize Plaintiffs' claims, to which no response is required.

202.    Defendants deny the allegations in Paragraph 202, except state that Paragraph 202 purports to characterize Plaintiffs' claims, to which no response is required.

203.    Defendants deny the allegations in Paragraph 203, except state that Paragraph 203 purports to characterize and quote from the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

204.    Defendants deny the allegations in Paragraph 204, except state that Paragraph 204 purports to characterize and quote from the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

205.    Defendants deny the allegations in Paragraph 205, except state that Paragraph 205 purports to characterize the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

206.    Defendants deny the allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207, except state that Paragraph 207 purports to characterize the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

208.    Defendants deny the allegations in Paragraph 208, except state that Paragraph 208 purports to characterize the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the

SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

209.    Defendants deny the allegations in Paragraph 209, except state that Paragraph 209 purports to characterize the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

210.    Defendants deny the allegations in Paragraph 210.

211.    Defendants deny the allegations in Paragraph 211, except state that Paragraph 211 purports to characterize Plaintiffs' legal strategy, to which no response is required.

212.    Defendants state that no response is required to the allegations in Paragraph 212 because (i) the Court dismissed all related claims, and (ii) Paragraph 212 states a legal conclusion. To the extent a response is required, Defendants deny the allegations in Paragraph 212, except state that Paragraph 212 purports to characterize SEC regulations, to which Defendants respectfully refer the Court for their contents.

213.    Defendants state that no response is required to the allegations in Paragraph 213 because (i) the Court dismissed all related claims, and (ii) Paragraph 213 states a legal conclusion. To the extent a response is required, Defendants deny the allegations in Paragraph 213, except state that Paragraph 213 purports to characterize an SEC regulation, to which Defendants respectfully refer the Court for its contents.

214.    Defendants state that no response is required to the allegations in Paragraph 214 because the Court dismissed all related claims. To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215.    Defendants deny the allegations in Paragraph 215, except state that Paragraph 215 purports to characterize and quote from the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its

contents.

216.    Defendants repeat and incorporate by reference each answer set forth above.

217.    Defendants deny the allegations in Paragraph 217, except state that no response is required to the allegations in Paragraph 217 because (i) Paragraph 217 states a legal conclusion, and (ii) Paragraph 217 purports to characterize Plaintiffs' legal strategy.

218.    Defendants deny the allegations in Paragraph 218, except state that Paragraph 218 purports to characterize Plaintiffs' claims, to which no response is required.

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants deny the allegations in Paragraph 220.

221.    Defendants deny the allegations in Paragraph 221, except state that Paragraph 221 states a legal conclusion to which no response is required.

222.    Defendants deny the allegations in Paragraph 222, except state that Paragraph 222 purports to characterize the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

223.    Defendants deny the allegations in Paragraph 223, except state that Paragraph 223 states a legal conclusion to which no response is required.

224.    Defendants deny the allegations in Paragraph 224, except state that Paragraph 224 states a legal conclusion to which no response is required.

225.    Defendants deny the allegations in Paragraph 225.

226.    Defendants deny the allegations in Paragraph 226.

227.    Defendants deny the allegations in Paragraph 227.

228.    Defendants deny the allegations in Paragraph 228.

229.    Defendants deny the allegations in Paragraph 229, except state that Paragraph 229

purports to characterize the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021, to which Defendants respectfully refer the Court for its contents.

230.    Defendants state that no response is required to the allegations in Paragraph 230 because Paragraph 230 states a legal conclusion.

231.    Defendants deny the allegations in Paragraph 231.

232.    Defendants repeat and incorporate by reference each answer set forth above.

233.    Defendants deny the allegations in Paragraph 233, except state that no response is required to the allegations in Paragraph 233 because (i) Paragraph 233 states a legal conclusion, and (ii) Paragraph 233 purports to characterize Plaintiffs' legal strategy.

234.    Defendants deny the allegations in Paragraph 234, except state that Paragraph 234 purports to characterize Plaintiffs' claims, to which no response is required.

235.    Defendants deny the allegations in Paragraph 235.

236.    Defendants deny the allegations in Paragraph 236, except state that (i) Zayas served as Katapult's CEO, (ii) Einbinder, Kurz, and Zayas reviewed the Merger Agreement, (iii) Einbinder and Kurz voted to approve the merger, and (iv) Einbinder signed the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021.

237.    Defendants deny the allegations in Paragraph 237.

238.    Defendants deny the allegations in Paragraph 238, except state that Paragraph 238 states a legal conclusion to which no response is required.

239.    Defendants deny the allegations in Paragraph 239.

240.    Defendants deny the allegations in Paragraph 240.

241.    Defendants deny the allegations in Paragraph 241.

242.    Defendants state that no response is required to the allegations in Paragraph 242

because Paragraph 242 states a legal conclusion.

243.    Defendants deny the allegations in Paragraph 243.

Answering Plaintiffs' prayer for relief, Defendants deny that any member of the putative class is entitled to any relief or judgment in connection with the allegations or claims in the Second Amended Complaint.

Answering Plaintiffs' jury trial demand, Defendants state that no response is required. To the extent a response is required, Defendants state that Plaintiffs purport to demand a jury trial.

## DEFENSES

Defendants assert the following defenses without assuming the burden of proof, persuasion, or production where such burden does not otherwise rest on Defendants.

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted and to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(1) & (2).

## SECOND DEFENSE

The Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021 was not materially false or misleading.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class knew or should have known the allegedly omitted or misstated information, which was publicly available.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose upon Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed by the

federal securities laws.

## FIFTH DEFENSE

Defendants did not intentionally, recklessly, or negligently mislead, make any misrepresentation, or fail to disclose any fact or circumstance that they were obligated to disclose in connection with the merger.

## SIXTH DEFENSE

Defendants acted in good faith and without knowledge that any alleged statement or omission was materially false or misleading.

## SEVENTH DEFENSE

Neither the Rule 424(b)(3) prospectus and proxy statement FinServ filed with the SEC on May 18, 2021 nor Defendants proximately caused any member of the putative class economic harm, damage, or loss.

## EIGHTH DEFENSE

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## RESERVATION OF DEFENSES

Future discovery may reveal additional facts that support additional defenses presently available, but unknown, to Defendants. Defendants thereby reserve the right to assert additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation as may be appropriate.

WHEREFORE, Defendants respectfully request entry of judgment granting the following relief:

(a) dismissing the Second Amended Complaint with prejudice and granting judgment in favor of Defendants on all claims;

(b) awarding the costs of defending this action, including attorneys' fees, expert fees, costs and disbursements; and

(c) granting such further relief as this Court may deem just and proper.

Dated: September 6, 2023

Respectfully submitted,

**COOLEY LLP**

By:    /s/ Aric H. Wu
       Aric H. Wu

Aric H. Wu
Brian M. French
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6000
Fax: (212) 479-6275
ahwu@cooley.com
bfrench@cooley.com

Koji F. Fukumura (*pro hac vice*)
10265 Science Center Drive
San Diego, CA 92121-1117
Tel: (858) 550-6000
Fax: (858) 550-6420
kfukumura@cooley.com

*Attorneys for Defendants
Katapult Holdings, Inc., Lee
Einbinder, Howard Kurz, and
Orlando Zayas*