USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF NEW YORK

| | |
|---|---|
| GINA McINTOSH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KATAPULT HOLDINGS, INC., LEE EINBINDER, HOWARD KURZ, ORLANDO ZAYAS, KARISSA CUPITO and DEREK MEDLIN<br><br>Defendants. | Case No. 1:21-cv-07251 (AS)<br><br><br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVISION OF NOTICE**<br><br>EXHIBIT A |

WHEREAS, an action is pending before this Court entitled *McIntosh v. Katapult Holdings, Inc., et al.*, No. 1:21-cv-07251 (the "Action");

WHEREAS, Plaintiffs having applied, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated July 3, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto and a separate Supplemental Agreement Regarding Requests for Exclusion executed between the Plaintiffs and the Defendants (the "Supplemental Agreement"), sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities that (i) purchased or otherwise acquired Katapult securities (common stock and warrants) between June 15, 2021 and August 9, 2021 (both dates inclusive) and/or (ii) beneficially owned and/or held common stock of FinServ as of May 11, 2021 and were eligible to vote at FinServ's June 7, 2021 special meeting. Excluded from the Settlement Class are (i) Katapult, Orlando Zayas, Karissa Cupito, Derek Medlin, Lee Einbinder, Howard Kurz, Robert Matza, Diane B. Glossman, Aris Kekedjian, and FinServ Holdings; (ii) any person who was an officer or director of FinServ Holdings or FinServ between November 5, 2019 and June 9, 2021; (iii) any person who was an officer or director of Katapult between May 18, 2021 and August 10, 2021; (iv) the immediate family members, meaning the parents, spouse, siblings, or children, of any of the foregoing persons; (v) any trusts, estates, entities, or accounts that held FinServ or Katapult shares for the benefit of the foregoing persons or entities; and (vi) the legal representatives, heirs, successors-in-interest, successors, transferees, and assigns of the foregoing persons or entities. Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

2. Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Plaintiffs' Lead Counsel have and will fairly and adequately represent and protect the interests of

the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Matis Nayman and additional plaintiff, Felipe de Castro Luna (collectively, the "Plaintiffs") are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Plaintiffs' Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3. On a preliminary basis, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

4. A hearing (the "Settlement Hearing") shall be held before this Court on January 23, 2025, at 10:00 a.m, at the United States District Court, Southern District of New York, Courtroom 17D, 500 Pearl Street, New York, NY 10007, or remotely per details that will be made publicly available on the Settlement website (www.Katapult-FinServSecuritiesLitigation.com) in advance of the Settlement Hearing, for the following purposes:

    (a) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the New York Judgment as provided under the Stipulation should be entered, dismissing the Second Amended Complaint on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Defendants' Persons as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims or Released Defendants' Claims extinguished by the Settlement;

(c) to determine whether the proposed Plan of Allocation for the distribution of the Settlement Fund is fair and reasonable and should be approved by the Court;

(d) to consider the application of Plaintiffs' Lead Counsel on behalf of all Plaintiffs' Counsel for an award of attorneys' fees and expenses, and any application for an award to the Plaintiffs;

(e) to consider Settlement Class Members' objections to the Settlement, Plan of Allocation or application for attorneys' fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

5. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class Members, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter the New York Judgment approving the Settlement and dismissing the Second Amended

Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to the Plaintiffs.

6. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶9-12 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. The firm of JND Legal Administration ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

8. Katapult shall provide, or cause to be provided, to Plaintiffs' Lead Counsel, or the Claims Administrator, within ten (10) business days after the Court enters this Order, documentation or data in the possession of Katapult or its stock transfer agent sufficient to identify, to the extent available, the record holders of common stock of FinServ as of May 11, 2021 and their last known addresses or other similar information.

9. Plaintiffs' Lead Counsel, through the Claims Administrator, shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, within twenty (20) business days following entry of this Order (the "Notice Date"), by first-class mail to all Settlement Class Members who can be identified with reasonable effort, and cause the Notice and Proof of Claim to be posted on the Settlement website at www.Katapult-FinServSecuritiesLitigation.com.

10. Not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed hereto, to be published once in *GlobeNewswire*.

11. At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12. Nominees who purchased or acquired Katapult common stock and warrants for the beneficial ownership of Settlement Class Members during the period between June 15, 2021 and August 9, 2021, inclusive, or who beneficially owned and/or held common stock of FinServ as of May 11, 2021 and were eligible to vote at FinServ's June 7, 2021 special meeting, shall (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.10 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is

sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund, subject to further order of this Court with respect to any dispute concerning such compensation.

13. In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized

        statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator, or Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

14.     Any Settlement Class Member who does not timely submit a valid Proof of Claim shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the New York Judgment, if entered. Notwithstanding the foregoing, Plaintiffs' Lead Counsel shall have the

discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

15.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Plaintiffs' Lead Counsel.

16.     All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Settlement Class.  A Settlement Class Member wishing to be excluded from the Settlement Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing to the address listed in the Notice.  A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the person requesting exclusion; (b) the number of Katapult common stock shares and/or warrants that the person requesting exclusion (i) owned as of the opening of trading on June 15, 2021 and (ii) purchased, acquired and/or sold during the period between June 15, 2021 and August 9, 2021, inclusive, as well as the number of shares/warrants, dates and prices for each such purchase, acquisition and sale; (c) the number of shares of FinServ common stock that the person owned and/or held as of May 11, 2021; and (d) that the person wishes to be excluded from the Settlement Class in *McIntosh v. Katapult Holdings, Inc., et al.*, No. 1:21-cv-07251.  All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or any final judgment.  Unless otherwise ordered by the

Court, any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

17. The Claims Administrator or Plaintiffs' Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion at least fourteen (14) calendar days before the Settlement Hearing.

18. No later than seven (7) calendar days before the Settlement Hearing, the Claims Administrator or Plaintiffs' Lead Counsel shall file a list of all Persons who have submitted a timely Request for Exclusion with its determinations as to whether any Request for Exclusion was not submitted timely.

19. The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Plaintiffs' Lead Counsel's request for an award of attorneys' fees and expenses, including an award to the Plaintiffs under 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court of Judge Katharine H. Parker, United States District Court, Southern District of New York, Courtroom 17D, 500 Pearl Street, New York, NY 10007, or by filing them in person at any location of the United States District Court for the Southern District of New York. Such comments or objections must be received or filed, not simply postmarked, at least twenty-one (21) calendar days prior to the Settlement Hearing. Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to the Plaintiffs is required to indicate in their written objection whether they intend to appear at the Settlement Hearing. The notice of objection must (a) include documentation establishing the objecting Person's membership in the Settlement Class, including (i) the number of Katapult common stock and/or

warrants that the objecting person owned as of the opening of trading on June 15, 2021; (ii) the number of Katapult common stock and/or warrants that the person purchased, acquired and/or sold during the period between June 15, 2021 and August 9, 2021, inclusive, as well as the dates and prices for each such purchase, acquisition or sale; and (iii) the number of shares of FinServ common stock that the person owned and/or held as of May 11, 2021; and (b) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. The objection must identify all other class action settlements the objector or his, her or its counsel has previously objected to; copies of any papers, briefs, or other documents upon which the objection is based; and the objector's signature, even if represented by counsel. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Lead Counsel, or awards to the Lead Plaintiff, unless otherwise ordered by the Court. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20.   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.   All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Plaintiffs' Lead Counsel for attorneys' fees and expenses and awards to the Plaintiffs shall be filed and served no later than thirty-five (35) calendar days

before the Settlement Hearing.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing.

22.     The Released Defendants' Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the New York Judgment approving the Stipulation and the settlement of the Action.

23.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

24.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

25.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

26.     If the Stipulation and the Settlement set forth therein is terminated as provided in the Supplemental Agreement, or is otherwise not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

27. Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiffs, nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendants' Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

28. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: 7/24/2024

_____
THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE