# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| GINA McINTOSH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KATAPULT HOLDINGS, INC., LEE EINBINDER, HOWARD KURZ, ORLANDO ZAYAS, KARISSA CUPITO and DEREK MEDLIN<br><br>Defendants. | Case No. 1:21-cv-07251 (AS) |

**DECLARATION OF LUIGGY SEGURA REGARDING:**
**(A) MAILING OF THE NOTICE AND CLAIM FORM;**
**(B) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, LUIGGY SEGURA, declare as follows:

1.    I am the Vice President of Securities Operations at JND Legal Administration ("JND").  Pursuant to the Court's July 24, 2024 Order Preliminarily Approving Settlement and Provision of Notice (ECF No. 103) (the "Preliminary Approval Order"), JND was appointed to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement of the above-captioned action (the "Action").[1]  I am over 21 years of age and am not a party to the Action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, Compromise, and Release, dated July 3, 2024 (Doc. 101-1) (the "Stipulation").

**DISSEMINATION OF THE NOTICE PACKET**

2.      Pursuant to the Preliminary Approval Order, JND was responsible for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release Form (the "Claim Form") (collectively, the Notice and Claim Form are referred to as the "Notice Packet") to potential Settlement Class Members.  A copy of the Notice Packet is attached hereto as Exhibit A.

3.      On August 6, 2024, JND received from Lead Counsel an Excel spreadsheet, which Lead Counsel had received from Defendants' Counsel, containing a list of persons or entities who were identified as record holders of FinServ Acquisition Corp. ("FinServ") common stock as of May 11, 2024. However, none of the persons or entities from this list were found to be potential Settlement Class Members according to the definition provided in the Notice.

4.      JND also researched filings with the U.S. Securities and Exchange Commission (SEC) on Form 13-F to identify additional institutions or entities who may have held Katapult Holdings, Inc. ("Katapult") and/or FinServ common stock during the Settlement Class Period according to the Settlement Class definition.  Based on this research, JND located 248 mailing records, which comprised the list of potential Settlement Class Members.  On August 21, 2024, JND caused Notice Packets to be sent by first-class mail to these 248 potential Settlement Class Members.

5.      As in most securities class actions, a large majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name," i.e., the securities are purchased by brokerage firms, banks, institutions, or other third-party nominees ("Nominees") in the name of the Nominee, on behalf of the beneficial purchasers.  JND maintains a proprietary database with the names and addresses of the most common Nominees ("Nominees Database").

2

At the time of the initial mailing, JND's Nominee Database contained 4,079 records.[2]  On August 21, 2024, JND caused Notice Packets to be sent by first-class mail to the 4,079 mailing records contained in its Nominee Database.

6. In total, 4,327 Notice Packets were mailed to potential Settlement Class Members and nominees by first-class mail on August 21, 2024.

7. The Notice itself and a cover letter that accompanied the Notice Packet mailed to Nominees (as well as an email sent to Nominees) directed those who purchased Katapult common stock during the Settlement Class Period or who held FinServ common stock during the relevant period for the beneficial interest of persons or organizations other than themselves to, within seven (7) calendar days of receipt of the Notice, either (i) request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) provide a list of the names and addresses of all such beneficial owners to JND (who would then mail copies of the Notice Packet to those beneficial owners).  *See* Notice at ¶ 75.

8. JND monitored the responses received from brokers and other Nominees and followed up by email and, if necessary, phone calls to ensure that Nominees provided timely responses to JND's mailing.  As of November 1, 2024, JND has mailed an additional 476 Notice Packets to potential Settlement Class Members whose names and addresses were received from individuals or brokerage firms, banks, institutions, and other Nominees requesting that Notice Packets be mailed to such persons and entities.  JND has also mailed another 7,930 Notice Packets

---

[2] JND's Nominee Database is updated from time to time as new Nominees are identified, and others merge or cease to exist.

in bulk to Nominees who requested Notice Packets to forward to their customers. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

9.    As of November 1, 2024, a total of 12,733 Notice Packets have been mailed to potential Settlement Class Members and nominees. In addition, JND has re-mailed five (5) Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to JND by the USPS or were obtained through other means.

### PUBLICATION OF THE SUMMARY NOTICE

10.    In accordance with Paragraph 10 of the Preliminary Approval Order, JND caused the Summary Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear (the "Summary Notice") to be transmitted over *GlobeNewswire* on September 5, 2024. A copy of the proof of publication of the Summary Notice over *GlobeNewswire* is attached hereto as Exhibit B. The Summary Notice has also been available online since its publication on September 5, 2024.[3]

### WEBSITE

11.    On August 20, 2024, JND established a website ("Settlement Website") dedicated to the Settlement, www.Katapult-FinServSecuritiesLitigation.com. JND continues to maintain the Settlement Website to inform class members about the Settlement and provide answers to frequently asked questions. The web address was set forth in the Notice Packet and in the Summary Notice. The Settlement Website includes information regarding the Action and the

---

[3] *See* https://www.globenewswire.com/news-release/2024/09/05/2941456/0/en/Notice-of-Proposed-Settlement-Involving-Purchasers-or-Those-Who-Otherwise-Acquired-Katapult-Securities-between-June-15-2021-and-August-9-2021-and-or-Beneficially-Owned-and-or-Held-.html

proposed Settlement, including the exclusion, objection, and claim filing deadlines, and details about the Court's Settlement Hearing. Copies of the Notice and Claim Form, as well as the Stipulation, Preliminary Approval Order, and Complaint are posted on the Settlement Website and are available for downloading. The Settlement Website became operational on August 20, 2024, and is accessible 24 hours a day, 7 days a week. JND will update the Settlement Website as necessary through the administration of the Settlement.

## TELEPHONE HELPLINE

12.     On August 20, 2024, JND established a case-specific, toll-free telephone helpline, 1-844-552-0057, with an interactive voice response system and live operators, to accommodate potential Settlement Class Members with questions about the Action and the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have the option to be transferred to a live operator during business hours. JND continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

## REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE

13.     The Notice informs potential Settlement Class Members that requests for exclusion from the Settlement Class are to be sent by first-class mail to *Katapult Securities Litigation*, ATTN: EXCLUSION REQUEST, c/o JND Legal Administration, P.O. Box 91340, Seattle, Washington 98111, such that they are received no later than November 22, 2024. The Notice also sets forth the information that must be included in each request for exclusion. JND has monitored and will continue to monitor all mail delivered to the above address. As of November 1, 2024, JND has not received any requests for exclusion. JND will submit a supplemental declaration after

5

the November 22, 2024 deadline for requesting exclusion that will address any and all requests for exclusion received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of November 2024, at New Hyde Park, New York.

_____
LUIGGY SEGURA

6

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GINA McINTOSH, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 1:21-cv-07251 (AS) |
| vs. | |
| KATAPULT HOLDINGS, INC., LEE EINBINDER, HOWARD KURZ, ORLANDO ZAYAS, KARISSA CUPITO and DEREK MEDLIN | **NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |
| Defendants. | |

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you (i) purchased or otherwise acquired Katapult Holdings, Inc. ("Katapult") securities between June 15, 2021 and August 9, 2021 (both dates inclusive) and/or (ii) beneficially owned and/or held common stock of FinServ Acquisition Corp. ("FinServ") as of May 11, 2021 and were eligible to vote at FinServ's June 7, 2021 special meeting and were allegedly damaged thereby (the "Settlement Class").**

**NOTICE OF SETTLEMENT:  Please also be advised that the Lead Plaintiff Matis Nayman and additional plaintiff, Felipe de Castro Luna (collectively, the "Plaintiffs" for the purposes of the Settlement) on behalf of themselves and all other members of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $2,500,000 in total settlement value—with $1,775,000 paid in cash and the remainder paid in either shares of freely-tradeable Katapult common stock or additional cash to settle all of the Plaintiffs' and the Settlement Class's known and unknown claims against Defendants on the following terms (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.[1]  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

     1.     **Description of the Action and the Settlement Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against Katapult, Orlando Zayas, Karissa Cupito, Derek Medlin, Lee Einbinder, and Howard Kurz ("**Defendants**"). Defendants are collectively, with Plaintiffs, the "Settling Parties."  The proposed Settlement, if approved by the Court, will apply to the following Settlement Class: all persons and entities that (a) purchased or otherwise acquired Katapult securities (common stock and warrants) between June 15, 2021 and

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement, Compromise, and Release dated July 3, 2024 (the "Stipulation"), which is available on the Settlement website www.Katapult-FinServSecuritiesLitigation.com.

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

August 9, 2021, both dates inclusive (the "**Settlement Class Period**"), and/or (b) beneficially owned and/or held common stock of FinServ as of May 11, 2021 and were eligible to vote at FinServ's June 7, 2021 special meeting.  Excluded from the Settlement Class are: (i) Katapult, Orlando Zayas, Karissa Cupito, Derek Medlin, Lee Einbinder, Howard Kurz, Robert Matza, Diane B. Glossman, Aris Kekedjian, and FinServ Holdings LLC ("**FinServ Holdings**"); (ii) any person who was an officer or director of FinServ or FinServ Holdings between November 5, 2019 and June 9, 2021; (iii) any person who was an officer or director of Katapult between May 18, 2021 and August 10, 2021; (iv) the immediate family members, meaning the parents, spouse, siblings, or children, of any of the foregoing persons; (v) any trusts, estates, entities, or accounts that held FinServ or Katapult shares for the benefit of the foregoing persons or entities; (vi) the legal representatives, heirs, successors-in-interest, successors, transferees, and assigns of the foregoing persons or entities. Also excluded from the Settlement Class will be any Person who timely and validly seeks exclusion from the Settlement Class.  Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at 844-552-0057.

2.      **Statement of Settlement Class's Recovery**:  Subject to Court approval, and as described more fully in ¶¶28-33, 51-57 below, Plaintiffs, on behalf of the Settlement Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶52 below) against Defendants and other Released Defendant Persons (as defined in ¶54 below) in exchange for a settlement payment for $2,500,000 in total settlement value—with $1,775,000 paid in cash and the remainder paid in either shares of freely-tradeable Katapult common stock or additional cash (combined, the "**Settlement Amount**") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, and attorneys' fees and litigation expenses and awards to the Plaintiffs) will be distributed in accordance with a plan of allocation (the "**Plan of Allocation**") that will be approved by the Court and will determine how the Settlement Fund shall be distributed to members of the Settlement Class.  The Plan of Allocation is a basis for determining the relative positions of Settlement Class Members for purposes of allocating the Settlement Fund.  The proposed Plan of Allocation is included in this Notice and may be modified by the Court without further notice.

3.      **Statement of Average Distribution Per Security**:  The Settlement Fund consists of the $2.5 million total Settlement Amount plus interest earned.  Assuming all potential Settlement Class Members elect to participate, the estimated average recovery is $.09 per damaged security before fees and expenses.  Settlement Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation below; when their securities were purchased or acquired and the price at the time of purchase or acquisition; whether the securities were sold, and if so, when they were sold and for how much.  In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.      **Statement of the Parties' Position on Damages**:  Defendants deny all claims of wrongdoing, deny that they engaged in any wrongdoing, deny that they are liable to Plaintiffs and/or the Settlement Class and deny that Plaintiffs or other members of the Settlement Class suffered any injury.  Moreover, the parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims.  The issues on which the parties disagree include, but are not limited to: (1) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws;

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 2 -

(2) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (3) the amounts by which the prices of Katapult securities were allegedly artificially inflated during the Settlement Class Period; (4) whether all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions; and (5) whether or not Defendants' allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

5.      **Statement of Attorneys' Fees and Expenses Sought**:  Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 33.3% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or charges of Plaintiffs' Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $60,000 plus interest earned at the same rate and for the same period as earned by the Settlement Fund and for all reasonable costs associated with this Notice.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged security is $.03.  In addition, Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Settlement Class in an amount not to exceed $10,000, combined.

6.      **Identification of Attorneys' Representatives**:  Plaintiffs and the Settlement Class are being represented by Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel and the Schall Law Firm ("Schall") as Additional Counsel. Any questions regarding the Settlement should be directed to Matthew M. Guiney, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, NY 10016, 212-545-4773, guiney@whafh.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| DO NOTHING | Get no payment.  Remain a Settlement Class Member.  Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 19, 2024 | This is the only way to be potentially eligible to receive a payment. If you wish to obtain a payment as a member of the Settlement Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), which is included with this Notice, postmarked no later than December 19, 2024. |

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 3 -

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 22, 2024 | Receive no payment pursuant to this Settlement.  This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Defendants' Persons concerning the Released Plaintiffs' Claims.  Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Released Defendants' Persons will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 22, 2024 | Write to the Court about your view on the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses, or why you don't think the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses is fair to the Settlement Class.<br><br>If you do not exclude yourself from the Settlement Class, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |
| GO TO THE HEARING ON DECEMBER 13, 2024, AT 10:00 a.m., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 22, 2024 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| WHAT THIS NOTICE CONTAINS |
|---|

WHY DID I GET THIS NOTICE? ................................................................................................ 5

WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? ............................................ 6

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?................................................. 7

WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? ................................................. 8

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?................................................... 9

HOW MUCH WILL MY PAYMENT BE? ................................................................................... 9

PLAN OF ALLOCATION............................................................................................................ 9

WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?.......................... 16

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
    HOW WILL THE LAWYERS BE PAID?................................................................18
HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?....................19
WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?
    HOW DO I EXCLUDE MYSELF? ......................................................................19
WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE  THE
    SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK
    AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?...........................................20
WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?...........................................22
CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?.....22

## WHY DID I GET THIS NOTICE?

7. The purpose of this Notice is to inform you about: (a) this Action, (b) the terms of the proposed Settlement, and (c) your rights in connection with a hearing to be held before the United States District Court, Southern District of New York (the "Court"), on December 13, 2024, at 10:00 a.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.  This Notice also describes the steps to be taken by those who wish to be excluded from the Settlement Class and, for those who remain Settlement Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Settlement Fund in the event the Settlement is approved by the Court.

8. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)

9. The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *McIntosh v. Katapult Holdings, Inc., et al.*, No. 1:21-cv-07251.  The judge presiding over this case is the Honorable Katharine H. Parker, United States District Judge.  The people who are suing are called the Plaintiffs, and those who are being sued are called Defendants.  In this case, the Defendants are Defendants Katapult Holdings Inc., ("Katapult," or the "Company") f/k/a FinServ Acquisition Corp. ("FinServ"), Orlando Zayas, Karissa (Long) Cupito, Derek Medlin, Lee Einbinder and Howard Kurz.

10. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11. The Settlement Hearing will be held on December 13, 2024, at 10:00 a.m., before the Honorable Katharine H. Parker, at the United States District Court, Southern District of New York, Courtroom 15A, 500 Pearl Street, New York, NY 10007, or remotely per details that will

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 5 -

be made publicly available on the Settlement website (www.Katapult-FinServSecuritiesLitigation.com) in advance of the Settlement Hearing, for the following purposes:

    (a)    to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

    (b)    to determine whether the New York Judgment as provided for under the Stipulation and Agreement of Settlement, Compromise, and Release dated July 3, 2024 (the "Stipulation") should be entered;

    (c)    to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

    (d)    to determine whether the application by Plaintiffs' Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

    (e)    to rule upon such other matters as the Court may deem appropriate.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. This process takes time. Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13.    This Action arises under Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934, and alleges that during the Settlement Class Period, Defendants Katapult, Orlando Zayas, Karissa (Long) Cupito, Derek Medlin, Lee Einbinder and Howard Kurz made materially false and misleading statements about Katapult's financial prospects.

14.    Plaintiffs allege that the misrepresentations or omissions of this information artificially inflated the price of Katapult's securities (common stock and warrants) and that, when the true facts were revealed, the artificial inflation was removed from the price of Katapult's securities, causing the price to drop and damage to Settlement Class Members.

15.    In addition, Plaintiffs allege that the Proxy that FinServ filed on May 18, 2021 in connection with the business combination between FinServ and Katapult failed to disclose critical information about Katapult's "waterfall" arrangement with prime lenders, including that prime lenders could decide to extend credit to customers with lower credit ratings that Katapult had projected would be in its customer pool, restricting the flow of the waterfall of customers to Katapult, and that the waterfall was Katapult's only way to grow its customer base.

16.    On August 21, 2021, plaintiff Gina McIntosh filed the initial complaint in this action. ECF No. 1. On May 26, 2022, the Court appointed Matis Nayman as Lead Plaintiff, and approved his selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Plaintiffs' Lead Counsel. ECF No. 40. Following Plaintiffs' Lead Counsel's appointment, Plaintiffs' Lead Counsel conducted a comprehensive investigation into Defendants' allegedly wrongful acts, which included, among other things: (1) reviewing and analyzing (a) FinServ's and Katapult's filings with the U.S. Securities and Exchange Commission ("SEC"), (b) public reports, press releases, blog posts, and news articles concerning FinServ and Katapult, (c) FinServ's and

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 6 -

Katapult's investor call transcripts; and (2) retaining and working with a private investigator who conducted an investigation that involved, *inter alia*, contacting former Katapult employees and other sources of relevant information. Plaintiffs' Lead Counsel also consulted with a damages and loss causation expert. On November 10, 2022, Lead Plaintiffs filed and served the 71-page operative Second Amended Complaint based on information from the foregoing investigation. ECF No. 59.

17.     On January 9, 2023, Defendants filed a motion to dismiss, and, in the alternative, a motion to strike the Second Amended Complaint. ECF Nos. 65–70. Lead Plaintiffs filed their oppositions to each of those motions on March 6, 2023, withdrawing their claims against defendant Medlin. ECF Nos. 77, 78. On April 11, 2023, Defendants filed their replies. ECF Nos. 79 and 80. On August 8, 2023, United States District Judge J. Paul Oetken of the United States District Court for the Southern District of New York denied Defendants' motion to strike and granted in part and denied in part Defendants' motion to dismiss. In that decision, the Court dismissed Plaintiffs' Section 10(b) and Rule 10b-5 claim, the 20(a) claim based thereon, as well as defendants Cupito and Medlin.

18.     On December 18, 2023, Plaintiffs' Lead Counsel and Defendants' Counsel participated in a full-day mediation session with Ms. Michelle Yoshida. In advance of that session, the Parties exchanged, and provided to Ms. Yoshida, detailed mediation statements and exhibits, which addressed the issues of both liability and damages.

19.     The mediation was conducted on the same day as, and in coordination with, the mediation of a case in a related action, *In re FinServ Acquisition Corp. SPAC Litigation*, No. 2022-0755-PAF ("**Delaware Action**"), pending in Delaware Chancery Court.

20.     The session ended without any final agreement being reached.

21.     Thereafter, Ms. Yoshida conducted further discussions with the Parties, which culminated in Ms. Yoshida making a mediator's recommendation to resolve this New York Action for total settlement consideration consisting of a $1,775,000 cash component and a $725,000 additional component comprised of Katapult common stock and/or cash.

22.     The Parties subsequently accepted Ms. Yoshida's recommendation. The agreement in principle to settle the Action that was memorialized in a term sheet (the "**Term Sheet**"), which was fully executed as of May 20, 2024, following significant additional negotiation. The Term Sheet sets forth, *inter alia*, Lead Plaintiffs' agreement to settle and release all claims asserted against Defendants in return for $1,775,000 of the cash component and $725,000 of the additional component, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement. Following extensive negotiations, on July 3, 2024, the Parties executed the Stipulation.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

23.     If you are a member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded. The Settlement Class consists of all persons and entities that (a) purchased or otherwise acquired Katapult securities between June 15, 2021 and August 9, 2021, both dates inclusive, and/or (b) held FinServ common stock as of May 11, 2021 and were eligible to vote at FinServ's June 7, 2021 special meeting. Excluded from the Settlement Class are (i) Katapult, Orlando Zayas, Karissa Cupito, Derek Medlin, Lee Einbinder, Howard Kurz, Robert Matza, Diane B. Glossman, Aris Kekedjian, and FinServ Holdings; (ii) any person who was an

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 7 -

officer or director of FinServ Holdings or FinServ between November 5, 2019 and June 9, 2021; (iii) any person who was an officer or director of Katapult between May 18, 2021 and August 10, 2021; (iv) the immediate family members, meaning the parents, spouse, siblings, or children, of any of the foregoing persons; (v) any trusts, estates, entities, or accounts that held FinServ or Katapult shares for the benefit of the foregoing persons or entities; and (vi) the legal representatives, heirs, successors-in-interest, successors, transferees, and assigns of the foregoing persons or entities. Also excluded from the Settlement Class will be any Person who timely and validly seeks exclusion from the Settlement Class. Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at 844-552-0057. (*See* "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" below.)

> RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 19, 2024.

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

24.     Plaintiffs and Plaintiffs' Lead Counsel believe that the claims asserted against Defendants have merit. Plaintiffs and Plaintiffs' Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages. Plaintiffs and Plaintiffs' Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include, among others, the risk that Plaintiffs would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Settlement Class.

25.     In light of the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Plaintiffs' Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Plaintiffs' Lead Counsel believe that the Settlement provides a substantial benefit now, namely a value of $1.775 million in cash and $725,000 in cash or stock (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future as well as the risks associated with Katapult's financial position.

26.     Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, and that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 8 -

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

27.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Settlement Class would recover anything from Defendants.  Additionally, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

28.     Defendants have agreed to cause to be paid a settlement worth a total value of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), with $1,775,000 to be paid in cash into escrow for the benefit of the Settlement Class, and the remaining $725,000 to be paid in cash or stock.  At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement.  Plaintiffs have proposed a plan for allocating these amounts to those Settlement Class Members who timely submit valid Proof of Claim Forms.  The Plan of Allocation proposed by Plaintiffs is set forth below, and additional information is available on the website created for purposes of this Settlement, www.Katapult-FinServSecuritiesLitigation.com.

29.     All members of the Settlement Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Settlement Class Members' release of all Released Claims.

30.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

31.     The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Plaintiffs' Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class.

32.     Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its Claim Form.

33.     Persons and entities that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Settlement Fund and shall not submit Proof of Claim Forms.

## PLAN OF ALLOCATION

34.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  In developing the Plan of Allocation, Plaintiffs' damages expert calculated the potential amount of estimated alleged artificial inflation in Katapult securities which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered the

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 9 -

market and industry adjusted price changes in the price of Katapult securites following certain corrective disclosures regarding Katapult and the allegations in the operative complaint.

35.    The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Settlement Fund.

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 10 -

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

# Calculation of Recognized Loss Amounts for Settlement Class Members with 10(b) Claims

36.     In order to have recoverable damages under Section 10(b) of the Exchange Act during the Settlement Class Period, a disclosure of the alleged truth omitted or concealed by the misrepresentations must be the cause of the decline in the price of Katapult securities.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period, which had the effect of artificially inflating or maintaining inflation in the price of Katapult securities. Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of Katapult securities on August 10, 2021.  Thus, for a Settlement Class Member to have a Recognized Loss Amount in Katapult securities under the Plan of Allocation, Katapult securities must have been purchased or acquired during the Settlement Class Period and held as of the close of business on August 9, 2021

37.     Based on the formulas set forth below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Katapult securities during the Settlement Class Period that is listed in the Proof of Claim and Release form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero. Any transactions in Katapult securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

38.     The allocation below is based on the following inflation per share amounts for Settlement Class Period securities purchases and sales as well as the "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("**PSLRA**"). The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Katapult securities purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "**90-Day Lookback Period**") cannot exceed the difference between the purchase price paid for such security and its average price during the 90-Day Lookback Period. The Recognized Loss on Katapult securities purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such security and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

**Table A – 90-Day Lookback Value – Common Stock**

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|------|------|------|------|------|------|
| 8/10/2021 | $4.26 | $4.26 | 9/24/2021 | $6.23 | $4.92 |
| 8/11/2021 | $3.90 | $4.08 | 9/27/2021 | $6.15 | $4.98 |
| 8/12/2021 | $3.74 | $3.97 | 9/28/2021 | $5.61 | $5.00 |
| 8/13/2021 | $3.35 | $3.81 | 9/29/2021 | $5.33 | $5.01 |
| 8/16/2021 | $3.18 | $3.69 | 9/30/2021 | $5.43 | $5.02 |
| 8/17/2021 | $3.40 | $3.64 | 10/1/2021 | $5.20 | $5.02 |
| 8/18/2021 | $3.35 | $3.60 | 10/4/2021 | $4.83 | $5.02 |

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 11 -

| | | | | | |
|---|---|---|---|---|---|
| 8/19/2021 | $3.21 | $3.55 | 10/5/2021 | $4.64 | $5.01 |
| 8/20/2021 | $3.18 | $3.51 | 10/6/2021 | $4.95 | $5.01 |
| 8/23/2021 | $3.36 | $3.49 | 10/7/2021 | $4.69 | $5.00 |
| 8/24/2021 | $3.55 | $3.50 | 10/8/2021 | $4.55 | $4.99 |
| 8/25/2021 | $3.63 | $3.51 | 10/11/2021 | $4.84 | $4.99 |
| 8/26/2021 | $3.42 | $3.50 | 10/12/2021 | $4.92 | $4.98 |
| 8/27/2021 | $3.62 | $3.51 | 10/13/2021 | $5.17 | $4.99 |
| 8/30/2021 | $5.09 | $3.62 | 10/14/2021 | $5.18 | $4.99 |
| 8/31/2021 | $4.85 | $3.69 | 10/15/2021 | $4.85 | $4.99 |
| 9/1/2021 | $4.87 | $3.76 | 10/18/2021 | $4.90 | $4.99 |
| 9/2/2021 | $5.64 | $3.87 | 10/19/2021 | $4.90 | $4.99 |
| 9/3/2021 | $6.38 | $4.00 | 10/20/2021 | $4.93 | $4.99 |
| 9/7/2021 | $6.48 | $4.12 | 10/21/2021 | $4.88 | $4.98 |
| 9/8/2021 | $6.14 | $4.22 | 10/22/2021 | $4.55 | $4.97 |
| 9/9/2021 | $6.30 | $4.31 | 10/25/2021 | $4.70 | $4.97 |
| 9/10/2021 | $6.45 | $4.41 | 10/26/2021 | $4.62 | $4.96 |
| 9/13/2021 | $6.76 | $4.50 | 10/27/2021 | $4.52 | $4.96 |
| 9/14/2021 | $6.60 | $4.59 | 10/28/2021 | $4.25 | $4.94 |
| 9/15/2021 | $6.50 | $4.66 | 10/29/2021 | $4.41 | $4.93 |
| 9/16/2021 | $6.33 | $4.72 | 11/1/2021 | $4.57 | $4.93 |
| 9/17/2021 | $6.43 | $4.78 | 11/2/2021 | $4.56 | $4.92 |
| 9/20/2021 | $6.14 | $4.83 | 11/3/2021 | $4.44 | $4.91 |
| 9/21/2021 | $5.50 | $4.85 | 11/4/2021 | $4.25 | $4.90 |
| 9/22/2021 | $5.46 | $4.87 | 11/5/2021 | $4.27 | **$4.89** |
| 9/23/2021 | $6.23 | $4.92 | | | |

**Calculation of Recognized Loss Amounts for Katapult Common Stock**

39.     For shares of Katapult common stock purchased, or otherwise acquired, between June 15, 2021 and August 9, 2021, both dates inclusive, the Recognized Loss Amount per share shall be calculated as follows:

a.  For each share of Katapult common stock purchased/acquired during the Settlement Class Period that was subsequently sold on or before August 9, 2021, the Recognized Loss shall be $0.

b.  For each share of Katapult common stock purchased/acquired during the Settlement Class Period that was subsequently sold during the period August 10, 2021 through November 5, 2021, inclusive, (*i.e.*, sold during the 90-Day Lookback Period for common stock), the Recognized Loss Amount per share is 50% of *the lesser of*:

i.   $5.30 per share; or

ii.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table A above.

c.  For each share of Katapult common stock purchased/acquired during the Settlement Class Period that was still held as of the close of trading on November 5, 2021, the Recognized Loss Amount per share is 50% of *the lesser of*:

    i.  $5.30 per share; or

    ii. the purchase price *minus* the average closing price for Katapult common stock during the 90-Day Lookback Period for common stock, which is $4.89 per share.[2]

d.  For each share of Katapult common stock purchased after August 9, 2021, the Recognized Loss Amount per share is $0.

### Table B – 90-Day Lookback Value – Warrants

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 8/10/2021 | $0.84 | $0.84 | 9/24/2021 | $1.70 | $1.18 |
| 8/11/2021 | $0.76 | $0.80 | 9/27/2021 | $1.65 | $1.20 |
| 8/12/2021 | $0.76 | $0.79 | 9/28/2021 | $1.54 | $1.21 |
| 8/13/2021 | $0.67 | $0.76 | 9/29/2021 | $1.50 | $1.22 |
| 8/16/2021 | $0.58 | $0.72 | 9/30/2021 | $1.53 | $1.23 |
| 8/17/2021 | $0.66 | $0.71 | 10/1/2021 | $1.47 | $1.23 |
| 8/18/2021 | $0.67 | $0.71 | 10/4/2021 | $1.35 | $1.24 |
| 8/19/2021 | $0.64 | $0.70 | 10/5/2021 | $1.20 | $1.24 |
| 8/20/2021 | $0.62 | $0.69 | 10/6/2021 | $1.31 | $1.24 |
| 8/23/2021 | $0.62 | $0.68 | 10/7/2021 | $1.22 | $1.24 |
| 8/24/2021 | $0.64 | $0.68 | 10/8/2021 | $1.20 | $1.24 |
| 8/25/2021 | $0.66 | $0.68 | 10/11/2021 | $1.28 | $1.24 |
| 8/26/2021 | $0.65 | $0.68 | 10/12/2021 | $1.25 | $1.24 |
| 8/27/2021 | $0.68 | $0.68 | 10/13/2021 | $1.30 | $1.24 |
| 8/30/2021 | $1.18 | $0.71 | 10/14/2021 | $1.31 | $1.24 |
| 8/31/2021 | $1.00 | $0.73 | 10/15/2021 | $1.28 | $1.24 |
| 9/1/2021 | $1.10 | $0.75 | 10/18/2021 | $1.22 | $1.24 |
| 9/2/2021 | $1.43 | $0.79 | 10/19/2021 | $1.22 | $1.24 |

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $4.89 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on August 10, 2021 through and including November 5, 2021.

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 13 -

| 9/3/2021 | $1.69 | $0.83 | 10/20/2021 | $1.20 | $1.24 |
|---|---|---|---|---|---|
| 9/7/2021 | $1.76 | $0.88 | 10/21/2021 | $1.22 | $1.24 |
| 9/8/2021 | $1.87 | $0.93 | 10/22/2021 | $1.14 | $1.24 |
| 9/9/2021 | $1.77 | $0.97 | 10/25/2021 | $1.05 | $1.23 |
| 9/10/2021 | $1.85 | $1.00 | 10/26/2021 | $0.99 | $1.23 |
| 9/13/2021 | $1.78 | $1.04 | 10/27/2021 | $1.04 | $1.23 |
| 9/14/2021 | $1.83 | $1.07 | 10/28/2021 | $1.01 | $1.22 |
| 9/15/2021 | $1.71 | $1.09 | 10/29/2021 | $1.00 | $1.22 |
| 9/16/2021 | $1.69 | $1.12 | 11/1/2021 | $0.97 | $1.22 |
| 9/17/2021 | $1.64 | $1.13 | 11/2/2021 | $1.01 | $1.21 |
| 9/20/2021 | $1.50 | $1.15 | 11/3/2021 | $1.09 | $1.21 |
| 9/21/2021 | $1.37 | $1.15 | 11/4/2021 | $1.05 | $1.21 |
| 9/22/2021 | $1.37 | $1.16 | 11/5/2021 | $1.06 | **$1.20** |
| 9/23/2021 | $1.70 | $1.18 | | | |

**Calculation of Recognized Loss Amounts for Katapult Warrants**

40.     For Katapult warrants purchased, or otherwise acquired, between June 15, 2021 and August 9, 2021, both dates inclusive, the Recognized Loss Amount per warrant shall be calculated as follows:

a.  For each Katapult warrant purchased/acquired during the Settlement Class Period that was subsequently sold on or before August 9, 2021, the Recognized Loss shall be $0.

b.  For each Katapult warrant purchased/acquired during the Settlement Class Period that was subsequently sold during the period August 10, 2021 through November 5, 2021, inclusive, (*i.e.*, sold during the 90-Day Lookback Period for warrants), the Recognized Loss Amount per share is 50% of *the lesser of*:

    i.  $2.01 per warrant; or

    ii. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table B above.

c.  For each Katapult warrant purchased/acquired during the Settlement Class Period that was still held as of the close of trading on November 5, 2021, the Recognized Loss Amount per share is 50% of *the lesser of*:

    i.  $2.01 per warrant; or

    ii. the purchase price *minus* the average closing price for Katapult warrant during the 90-Day Lookback Period for warrants, which is $1.20.[3]

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $1.20 per share was the mean (average) daily closing trading price of the

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 14 -

d.  For each share of Katapult warrant purchased after August 9, 2021, the Recognized Loss Amount per share is $0.

### Calculation of Recognized Loss Amount for Settlement Class Members with Section 14(a) Claims

41.     In order to have recoverable damages under Section 14(a) of the Exchange Act, Settlement Class Members must have held FinServ common stock as of May 11, 2021; were eligible to vote at FinServ's June 7, 2021 special meeting; and subsequently exchanged these shares for Katapult common stock.  The Recognized Loss Amount per share shall be calculated as follows:

a)  For shares sold during the period June 7, 2021 through August 9, 2021 inclusive, the Recognized Loss Amount is $10.05 per share minus the sale price per share.

b)  For shares held as of the close of trading on August 9, 2021 the Recognized Loss per share is $5.79 per share[4].

### ADDITIONAL PROVISIONS

42.     The Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Loss (defined below). Common stock eligible for the 10(b) Claim are not eligible for the 14(a) Claim and vice-versa.

43.     If a Settlement Class Member has more than one purchase/acquisition or sale of Katapult securities, purchases/acquisitions and sales shall be matched on a First In, First Out ("**FIFO**") basis.  Settlement Class Period sales will be matched first against any holdings of the same type of security at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.  A Claimant's "Recognized Loss" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts.

44.     The Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Losses.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Loss divided by the total Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Settlement Fund.   If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

45.     Purchases or acquisitions and sales of Katapult securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Katapult securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Katapult securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Katapult securities.

---

Company's warrants during the 90-day period beginning on August 10, 2021 through and including on November 5, 2021.

[4] This represents the difference between $10.05 per share less the "Holding Value" of $4.26 per share of Katapult common stock held as of the close of trading on August 10, 2021.

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 15 -

46.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Katapult securities.  The date of a "short sale" is deemed to be the date of sale of the Katapult securities.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in Katapult securities, the earliest Settlement Class Period purchases or acquisitions of Katapult securities shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

47.    Option contracts are not securities eligible to participate in the Settlement.  With respect to Katapult securities purchased or sold through the exercise of an option, the purchase/sale date of the securities is the exercise date of the option and the purchase/sale price of the securities is the exercise price of the option.

48.    After the initial distribution of the Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Plaintiffs' Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Plaintiffs' Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

49.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No Person shall have any claim against the Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Released Defendants' Persons Parties, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, the Plan of Allocation, or otherwise as further ordered by the Court.  The Plaintiffs, Defendants, their respective counsel, Plaintiffs' damages expert, and all other releasees, including the Released Defendants' Persons, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

50.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with its damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

### WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

51.    If the Settlement is approved, the Court will enter a judgment (the "New York Judgment").  The New York Judgment will dismiss with prejudice the claims against Defendants

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 16 -

and will provide that Plaintiffs and all other Released Plaintiffs' Persons shall have waived, released, discharged, and dismissed each and every one of the Released Claims, including Unknown Claims , against each and every one of the Released Defendants' Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendants' Persons, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

52.    "Released Plaintiffs' Claims" means all actions, causes of action, suits, liabilities, claims, rights of action, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, contributions, indemnities, and demands of every nature and description, whether or not currently asserted, whether known claims or Unknown Claims, suspected, existing, or discoverable, whether arising under federal, state, common, or foreign law, whether based in contract, tort, statute, law, equity, or otherwise (including, but not limited to, federal and state securities laws), that Plaintiffs or any other Settlement Class Member (i) asserted in the Second Amended Complaint; or (ii) could have asserted in the Second Amended Complaint or in any other court, tribunal, proceeding, or other forum that relate to the purchase or other acquisition of Katapult securities between June 15, 2021 and August 9, 2021, both dates inclusive, or the proxy vote (and information provided in advance of the proxy vote) held at FinServ's June 7, 2021 special meeting, and are based on, arise out of, or relate to the same set of operative facts as those set forth in the Second Amended Complaint, including but not limited to (A) any statements, representations, misrepresentations, or omissions in the Proxy, or (B) Katapult's financial projections between June 15, 2021 and August 9, 2021 (both dates inclusive).  Notwithstanding the foregoing, "Released Plaintiffs' Claims" does not include claims relating to the enforcement of the Settlement.

53.    "Released Defendants' Claims" means all actions, causes of action, suits, liabilities, claims, rights of action, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, contributions, indemnities, and demands of every nature and description, whether or not currently asserted, whether known claims or Unknown Claims, suspected, existing, or discoverable, whether arising under federal, state, common, or foreign law, whether based in contract, tort, statute, law, equity, or otherwise, that arise out of or are based upon the institution, prosecution, or settlement of the claims against Defendants, except for (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

54.    "Released Defendants' Persons" means Defendants, FinServ, FinServ Holdings, Keys Merger Sub 1, Inc., Keys Merger Sub 2, LLC, and any and all of their respective current and former directors, officers, employees, employers, parent entities, controlling persons, owners, members, principals, affiliates, subsidiaries, managers, partners, limited partners, general partners, stockholders, representatives, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, agents, heirs, executors, trustees, personal representatives, estates, administrators, predecessors, successors, assigns, insurers, and reinsurers.

55.    "Released Plaintiffs' Persons" means Plaintiffs, all other Settlement Class Members, Plaintiffs' Lead Counsel, and any and all of their respective current and former directors, officers, employees, employers, parent entities, controlling persons, owners, members, principals, affiliates, subsidiaries, managers, partners, limited partners, general partners, stockholders, representatives, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 17 -

bankers, agents, heirs, executors, trustees, personal representatives, estates, administrators, predecessors, successors, assigns, insurers, and reinsurers.. Released Plaintiffs' Persons does not include any Person who timely and validly seeks exclusion from the Settlement Class.

56.    "Unknown Claims" means (i) any Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendants' Persons, and (ii) any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiffs' Persons, including, without limitation, those which, if known, might have affected the decision to enter into the Settlement or to object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, the Parties shall expressly, and by operation of the New York Judgment, each member of the Settlement Class shall be deemed to have, and shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

57.    The New York Judgment also will provide that Defendants shall be deemed to have waived, released, discharged, and dismissed as against the Released Plaintiffs' Persons all Released Defendants' Claims, which include all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiffs Persons, including Plaintiffs' Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

> ### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

58.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their expenses. Before final approval of the Settlement, Plaintiffs' Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel (Wolf Haldenstein and Schall Law Firm) from the Settlement Fund of no more than 33.3% of the Settlement Amount, plus interest. At the same time, Plaintiffs' Lead Counsel also intends to apply for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses in a total amount not to exceed $60,000, plus interest. The Court will determine the amount of the award of fees and expenses. Plaintiffs' Lead Counsel may apply for awards to Plaintiffs in connection with their representation of the Settlement Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 18 -

## HOW DO I PARTICIPATE IN THE SETTLEMENT?
## WHAT DO I NEED TO DO?

If you fall within the definition of the Settlement Class as described above, and you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a Settlement Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class. If you are a Settlement Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you. The website is www.Katapult-FinServSecuritiesLitigation.com. You may also request a Claim Form by calling toll-free 844-552-0057. Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

59.     As a Settlement Class Member, for purposes of the Settlement, you are represented by Plaintiffs, and Plaintiffs' Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

60.     If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below. If you exclude yourself from the Settlement Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Defendants Persons with respect to any of the Released Plaintiffs' Claims.

61.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Plaintiffs' Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below. If you exclude yourself from the Settlement Class, you are not entitled to submit an objection.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?
## HOW DO I EXCLUDE MYSELF?

62.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class, addressed to *Katapult Securities Litigation*, ATTN: EXCLUSION REQUEST, c/o JND Legal Administration, PO Box 91340, Seattle, WA 98111. The exclusion request must be *received* no later than **November 22, 2024**. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Settlement Class in *McIntosh*

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 19 -

*v. Katapult Holdings, Inc., et al.*, No. 1:21-cv-07251, and must be signed by such person. Such persons or entities requesting exclusion are also directed to provide the following information: (1) the number of Katapult securities that the Person requesting exclusion (i) owned as of the opening of trading on June 15, 2021; and (ii) purchased, acquired and/or sold from June 15, 2021 through August 9, 2021, inclusive, as well as the number of shares, dates and prices for each such purchase, acquisition and sale; and/or (2) the number of FinServ common stock that the Person requesting exclusion beneficially owned as of May 11, 2021 rendering them eligible to vote at FinServ's June 7, 2021 special meeting. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Released Defendants' Persons will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

63. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Defendants' Persons. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Persons concerning the Released Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitations and/or statute of repose.

64. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Settlement Fund. If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

65. If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Plaintiffs and Defendants (the "**Supplemental Agreement**"), Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

> ### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

66. **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.**

67. The Settlement Hearing will be held on December 13, 2024, at 10:00 a.m., before the Honorable Katharine H. Parker, at the United States District Court, Southern District of New York, Courtroom 17D, 500 Pearl Street, New York, NY 10007, or remotely per details that will be made publicly available on the Settlement website (www.Katapult-FinServSecuritiesLitigation.com) in advance of the Settlement Hearing. The Court reserves the right to approve the Settlement or the Plan of Allocation, Plaintiffs' Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 20 -

the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

68.     Any Settlement Class Member who does not request exclusion such that it is received no later than November 22, 2024, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[5]  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

69.     Any objection to the proposed Settlement must be in writing.  All written objections and supporting papers must (a) clearly identify the case name and number (*McIntosh v. Katapult Holdings, Inc., et al.*, No. 1:21-cv-07251 (AS)), (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Southern District of New York, Courtroom 17D, 500 Pearl Street, New York, NY 10007, or by filing them in person at any location of the United States District Court for the Southern District of New York, and (c) be received or filed on or before November 22, 2024.

70.     The notice of objection must include documentation establishing the objecting person's membership in the Settlement Class, including (1) the number of Katapult securities that the objecting person (i) owned as of the opening of trading on June 15, 2021, and (ii) purchased, acquired and/or sold during the Settlement Class Period, as well as the dates and prices for each such purchase, acquisition and sale, and/or (2) the number of FinServ common stock that the objecting person beneficially owned as of May 11, 2021 rendering them eligible to vote at FinServ's June 7, 2021 special meeting.  The notice of objection must also contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel.  The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  In addition, the objector must identify all class action settlements to which the objector or his, her or its counsel have previously objected.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

71.     You may not object to the Settlement or any aspect of it if you exclude yourself from the Settlement Class.

72.     You may file a written objection without having to appear at the Settlement Hearing.  You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

---

[5]     Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before November 8, 2024.

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

73.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court so that the notice is received on or before November 22, 2024.

74.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, www.Katapult-FinServSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Plaintiffs' Lead Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

75.     Nominees who purchased or acquired Katapult securities (common stock and/or warrants) and/or FinServ common stock for beneficial owners who are Settlement Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.10 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free 844-552-0057, and may be downloaded from the Settlement website, www.Katapult-FinServSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

76.     This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Action is available at

Questions? Please visit www.Katapult-FinServSecuritiesLitigation.com or call 844-552-0057

- 22 -

www.Katapult-FinServSecuritiesLitigation.com, including, among other documents, copies of the Stipulation and Proof of Claim Form.  This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at www.Katapult-FinServSecuritiesLitigation.com, or by contacting Plaintiffs' Lead Counsel below. You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court, Southern District of New York, Courtroom 15A, 500 Pearl Street, New York, NY 10007, during regular office hours, Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Katapult Securities Litigation*
c/o JND Legal Administration
PO Box 91340
Seattle, WA 98111
844-552-0057
info@Katapult-FinServSecuritiesLitigation.com

Claims Administrator

**-or-**

Matthew M. Guiney, Esq.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
212-545-4600
guiney@whafh.com

Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: August 21, 2024                             By Order of the Court
                                                   United States District Court
                                                   Southern District of New York

# PROOF OF CLAIM AND RELEASE FORM

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA McINTOSH, Individually and On Behalf of All Others Similarly Situated,<br>Plaintiff,<br><br>vs.<br><br>KATAPULT HOLDINGS, INC., LEE EINBINDER, HOWARD KURZ, ORLANDO ZAYAS, KARISSA CUPITO and DEREK MEDLIN<br>Defendants. | Case No. 1:21-cv-07251 (AS) |

***Katapult Securities Litigation***
**c/o JND Legal Administration**
PO Box 91340, Seattle, WA 98111

**Toll-Free Number: 844-552-0057**
**Email:  info@Katapult-FinServSecuritiesLitigation.com**
**Website:  www.Katapult-FinServSecuritiesLitigation.com**

To be eligible to receive a share of the Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim Form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked* no later than December 19, 2024 or submit it online at the above website on or before December 19, 2024**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

## CONTENTS

**02**   I.   **INTRODUCTION**

**05**   II.   **CLAIMANT IDENTIFICATION**

**06**   III.   **SCHEDULE OF TRANSACTIONS IN KATAPULT SECURITIES**

**09**   IV.   **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

**09**   V.   **RELEASE**

# PART I – INTRODUCTION

### A.    General Instructions

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *McIntosh v. Katapult Holdings, Inc., et al.*, No. 1:21-cv-07251 (AS) (the "Action"), you must complete, and on page 10 hereof, sign this Proof of Claim and Release ("Claim Form").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action.

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM ON OR BEFORE DECEMBER 19, 2024, ADDRESSED AS FOLLOWS:

> *Katapult Securities Litigation*
> c/o JND Legal Administration
> PO Box 91340
> Seattle, WA 98111

If you are NOT a member of the Settlement Class, as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4.    If you are a member of the Settlement Class and you do not timely and validly request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.    It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

### B.    Claimant Identification

1.    If you purchased or acquired Katapult securities (common stock and warrants) and/or FinServ common stock ("Eligible Securities") and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser, and the third party is the record purchaser.

2.    Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of Eligible Securities.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Eligible Securities in your own name, you are the beneficial owner as well as the record owner.  If, however, your Eligible Securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF ELIGIBLE SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Claim Form and be identified in Part II.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      **One Claim Form should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Eligible Securities; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own or owned Eligible Securities you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

**C.      Claim Form**

1.      Use Part III of this form entitled "Schedule of Transactions" to supply all required details of your transaction(s) in Eligible Securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Katapult securities that took place at any time on or between and including June 15, 2021 and August 9, 2021, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of FinServ common stock held at the close of trading on May 11, 2021 and purchases and acquisitions and all of your sales from May 12, 2021 through June 9, 2021, inclusive.

3.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Eligible Securities set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The parties and the Claims Administrator do not independently have information about your investments in Eligible Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS

FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.    The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

7.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

8.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration,  at the address on the first page of the Claim Form, by email at info@Katapult-FinservSecuritiesLitigation.com, or by toll-free phone at 844-552-0057, or you can visit the website, www.Katapult-FinServSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

**9.**    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.Katapult-FinServSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at KATSecurities@JNDLA.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at KATSecurities@JNDLA.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 844-552-0057.**

# PART II – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (*if applicable*)

MI

Joint Beneficial Owner's Last Name (*if applicable*)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Address 1 (Street name and number)

Address 2 (Apartment, unit, or box number)

City

State/Province

Zip Code or Postal Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

Social Security Number (last four digits only)

**OR**

Taxpayer Identification Number (last four digits only)

Telephone Number (Home)

Telephone Number (Work)

Email Address

Account Number

Record Owner's Name (if different from beneficial owner listed above)

**Type of Beneficial Owner** (Specify one of the following):

☐ Individual (includes joint owner accounts)     ☐ Corporation     ☐ Pension Plan     ☐ IRA/401k

☐ Estate     ☐ Trust     ☐ Other (please specify): _____

# PART III.A – SCHEDULE OF TRANSACTIONS IN KATAPULT COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than Katapult common stock.

| | |
|---|---|
| 1. Number of Katapult common stock held at the close of trading on June 14, 2021.  (Must be documented.)  If none, write "zero": | |

2. Purchases or acquisitions of Katapult common stock (June 15, 2021 through November 5, 2021, inclusive).  (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) MM/DD/YY | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**IMPORTANT:**  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

3. Sales of Katapult common stock (June 15, 2021 through November 5, 2021, inclusive). (Must be documented.):

| Trade Date MM/DD/YY | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

4. Number of shares of Katapult common stock held at the close of trading on November 5, 2021.  (Must be documented.)  If none, write "zero":

**IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE.  SIGN AND PRINT YOUR NAME ON EACH ADDITIONAL PAGE.**

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 10.
FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR
THE REJECTION OF YOUR CLAIM.**

# PART III.B – SCHEDULE OF TRANSACTIONS IN KATAPULT WARRANTS

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than Katapult warrants.

---

1. Number of Katapult warrants held at the close of trading on June 14, 2021.  (Must be documented.) If none, write "zero":

2. Purchases or acquisitions of Katapult warrants (June 15, 2021 through November 5, 2021, inclusive). (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) MM/DD/YY | Number of Warrants Purchased or Acquired | Purchase / Acquisition Price Per Warrant | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) | Exercised? (Y/N) | Exercise Date MM/DD/YY |
|---|---|---|---|---|---|
|  |  | $ | $ |  |  |
|  |  | $ | $ |  |  |
|  |  | $ | $ |  |  |
|  |  | $ | $ |  |  |

**IMPORTANT:**  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

3. Sales of Katapult warrants (June 15, 2021 through November 5, 2021, inclusive). (Must be documented.):

| Trade Date MM/DD/YY | Number of Warrants Sold | Sale Price Per Warrant | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

4. Number of shares of Katapult warrants held at the close of trading on November 5, 2021. (Must be documented.)  If none, write "zero":

**IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE.  SIGN AND PRINT YOUR NAME ON EACH ADDITIONAL PAGE.**

---

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 10.
FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR
THE REJECTION OF YOUR CLAIM.**

# PART III.C – SCHEDULE OF TRANSACTIONS IN FINSERV COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than FinServ common stock.

| 1. Number of shares of FinServ common stock held at the close of trading on May 11, 2021. (Must be documented.)  If none, write "zero": |
|---|

2. Purchases or acquisitions of FinServ common stock (May 12, 2021 through June 9, 2021, inclusive). (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) MM/DD/YY | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**IMPORTANT:**  If any purchase listed covered a "short sale," please mark Yes:   ☐ Yes

3. Sales of FinServ common stock (May 12, 2021 through June 9, 2021, inclusive). (Must be documented.):

| Trade Date MM/DD/YY | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

| 4. Number of shares of FinServ common stock that were eligible to vote on FinServ's June 7, 2021 special meeting and subsequently exchanged for shares of Katapult common stock.  (Must be documented.)  If none, write "zero": |
|---|

| 5. Number of shares of Katapult common stock received in exchange for shares of FinServ common stock. (Must be documented.)  If none, write "zero": |
|---|

**IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE.  SIGN AND PRINT YOUR NAME ON EACH ADDITIONAL PAGE.**

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 10.**
**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

# PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement dated July 3, 2024 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Eligible Securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

# PART V – RELEASE

1.	I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendant Parties, all as defined herein and in the Notice and Stipulation.

2.	This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.	I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of Eligible Securities and know of no other person having done so on my (our) behalf.

4.	I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of Katapult securities during the Settlement Class Period, as well as the number of securities held at the close of trading on June 14, 2021 and August 9, 2021.

5.	The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.	I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim and waive any right of appeal or review with respect to such determination.

7.	I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_,
(Month/Year)

in _____, _____
(City)                                          (State/Country)

_____
Sign your name here                                          Date

_____
Type or print your name here

_____
(Capacity of person(s) signing, e.g., Beneficial Purchaser or Acquirer, Executor or Administrator)

**For Joint Beneficial Purchaser, if any:**

_____
Sign your name here                                          Date

_____
Type or print your name here

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

# REMINDER CHECKLIST:



1.  Please sign the above release and acknowledgment.

2.  Remember to attach copies of supporting documentation, if available.





3.  Do not send original stock certificates.  Attach only copies of acceptable supporting documentation as these documents will not be returned to you.

4.  Keep a copy of your Claim Form and all supporting documentation for your records.





5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 844-552-0057** .

6.  If you move, please send us your new address.



7.  If you have any questions or concerns regarding your claim, contact the Claims Administrator by email at info@Katapult-FinServSecuritiesLitigation.com or by toll-free phone at 844-552-0057 , or you may visit www.Katapult-FinServSecuritiesLitigation.com. DO NOT call Katapult, the other Defendants, or their counsel with questions regarding your claim.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN DECEMBER 19, 2024, ADDRESSED AS FOLLOWS:**

*Katapult Securities Litigation*
**c/o JND Legal Administration
P.O. Box 91340
Seattle, WA 98111**

**Online Submissions: www.Katapult-FinservSecuritiesLitigation.com**

# EXHIBIT B

*Source:* JND Legal Administration

*September 05, 2024 09:25 ET*

# Notice of Proposed Settlement Involving Purchasers or Those Who Otherwise Acquired Katapult Securities between June 15, 2021 and August 9, 2021 and/or Beneficially Owned and/or Held Common Stock of Finserv as of May 11, 2021 and were Eligible to Vote at Finserv's June 7, 2021 Special Meeting

SEATTLE, Sept. 05, 2024 (GLOBE NEWSWIRE) -- JND Legal Administration, Wolf Haldenstein Adler Freeman & Herz LLP

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GINA McINTOSH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KATAPULT HOLDINGS, INC., LEE EINBINDER, HOWARD KURZ, ORLANDO ZAYAS, KARISSA CUPITO and DEREK MEDLIN<br><br>Defendants. | Case No. 1:21-cv-07251 (AS)<br><br><br><br>**SUMMARY NOTICE** |

*Katapult Securities Litigation*
**c/o JND Legal Administration**
PO Box 91340
Seattle, WA 98111

**Toll-Free Number: 844-552-0057**
**Email:** info@Katapult-FinServSecuritiesLitigation.com
**Website:** www.Katapult-FinServSecuritiesLitigation.com

**IF YOU (I) PURCHASED OR OTHERWISE ACQUIRED KATAPULT SECURITIES BETWEEN JUNE 15, 2021 AND AUGUST 9, 2021 (BOTH DATES INCLUSIVE) AND/OR (II) BENEFICIALLY OWNED AND/OR HELD COMMON STOCK OF FINSERV AS OF MAY 11, 2021 AND WERE ELIGIBLE TO VOTE AT FINSERV'S JUNE 7, 2021 SPECIAL MEETING (THE "SETTLEMENT CLASS").**

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the Southern District of New York, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for a total of $2,500,000 in total

settlement value—with $1,775,000 paid in cash and the remainder paid in either shares of freely-tradeable Katapult common stock or additional cash. A hearing will be held on December 13, 2024, at 10:00 a.m., before the Honorable Katharine H. Parker, at the United States District Court, Southern District of New York, Courtroom 17D, 500 Pearl Street, New York, NY 10007, or remotely per details that will be made publicly available on the Settlement website www.Katapult-FinServSecuritiesLitigation.com, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (3) the application of Plaintiffs' Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.** If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim, you may obtain a copy of these documents by contacting the Claims Administrator: JND Legal Administration, PO Box 91340, Seattle, WA 98111. You may also obtain copies of the Stipulation of Settlement, Notice and Proof of Claim at www.Katapult-FinServSecuritiesLitigation.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Settlement Fund, you must submit a Proof of Claim by mail postmarked **no later than December 19, 2024**, or submit it online by that date. If you are a Settlement Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must mail a written request for exclusion so that it is **received by November 22, 2024**, in accordance with the instructions set forth in the Notice. If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Proof of Claim. If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation of Settlement proceeds, or the fee and expense application must be filed with the Court no later than November 22, 2024.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the following address or by calling (212) 545-4600:

Matthew M. Guiney, Esq.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600
guiney@whafh.com

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK