# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA McINTOSH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KATAPULT HOLDINGS, INC., LEE EINBINDER, HOWARD KURZ, ORLANDO ZAYAS, KARISSA CUPITO and DEREK MEDLIN<br><br>Defendants. | Case No. 1:21-cv-07251 (AS)<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>EXHIBIT B |

This matter came before the Court for hearing pursuant to the Order of this Court, dated December 13, 2024, on Plaintiffs' application for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated July 3, 2024 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

(b)      there was no collusion in connection with the Stipulation;

(c)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)      the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

4.      The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities that (i) purchased or otherwise acquired Katapult securities between June 15, 2021 and August 9, 2021 (both dates inclusive) and/or (ii) beneficially owned and/or held common stock of FinServ as of May 11, 2021 and were eligible to vote at FinServ's June 7, 2021 special meeting. Excluded from the Settlement Class are (i) Katapult, Orlando Zayas, Karissa Cupito, Derek Medlin, Lee Einbinder, Howard Kurz, Robert Matza, Diane B. Glossman, Aris Kekedjian, and FinServ Holdings; (ii) any person who was an officer or director of FinServ Holdings or FinServ between November 5, 2019 and June 9, 2021; (iii) any person who was an officer or director of Katapult between May 18, 2021 and August 10, 2021; (iv) the immediate family members, meaning the parents, spouse, siblings, or children, of any of the foregoing persons; (v) any trusts, estates, entities, or accounts that held FinServ or Katapult shares for the benefit of the foregoing persons or entities; (vi) the legal representatives, heirs, successors-in-

interest, successors, transferees, and assigns of the foregoing persons or entities; and (vii) any Settlement Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court (each person in the foregoing categories is an "Excluded Person" and, collectively, these are the "Excluded Persons").

5.      A copy of the valid exclusions pursuant to request is attached hereto as Exhibit 1. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Action and all claims contained therein are dismissed with prejudice.  The Parties are to bear their own costs except as otherwise provided in the Stipulation.

6.      No person shall have any claim against the Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Released Defendants' Persons, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation and the Plan of Allocation, or otherwise as further ordered by the Court.

7.      Upon the Effective Date, the Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendants' Persons with prejudice on the merits, whether or not the Plaintiffs, or such Settlement Class Member executes and delivers the Proof of Claim and whether or not the Plaintiffs, or each of the Settlement Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

8.      Upon the Effective Date, the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Released Plaintiffs' Persons from all Released Defendants' Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.

9.      Upon the Effective Date, the Plaintiffs, all Settlement Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendants' Persons.

10.      The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort.  The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were

fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

11.    Any Plan of Allocation submitted by Plaintiffs' Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the final judgment in this Action.

12.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing or liability of the Released Defendants' Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants' Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted in the Action were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Defendants' Persons may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

14.     The Court finds that during the course of the Action, Plaintiffs, Plaintiffs' Counsel, Released Defendants' Persons, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall revert to their respective positions in the Action as of May 20, 2024, as provided in the Stipulation.

16.     The Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

19.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

20.    Plaintiffs' Counsel is hereby awarded fees in the amount of [   ]% of the Settlement Fund.

21.    Plaintiffs' Counsel is hereby awarded expenses in the amount of $[     ].

22.    Plaintiffs are hereby awarded $[     ] pursuant to the PSLRA.

IT IS SO ORDERED.

DATED:  _____          _____

                                         THE HONORABLE KATHARINE H. PARKER
                                         UNITED STATES MAGISTRATE JUDGE

**<u>Exhibit 1</u>**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**