**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GINA McINTOSH, Individually and On
Behalf of All Others Similarly Situated,

        Plaintiff,

    vs.

KATAPULT HOLDINGS, INC., LEE
EINBINDER, HOWARD KURZ, ORLANDO
ZAYAS, KARISSA CUPITO and DEREK
MEDLIN

        Defendants.

Case No. 21-CV-7251-KHP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____12/1/2025____

**ORDER GRANTING UNOPPOSED**
**MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

IT IS HEREBY ORDERED THAT:

1.    Plaintiffs' Unopposed Motion for Distribution of Class Settlement Fund is GRANTED.

2.    The funds that are currently in the Net Settlement Fund[1] (less any necessary amounts to be withheld for payment of tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants as set forth in the Declaration of Luiggy Segura Concerning the Distribution of the Net Settlement Fund ("Segura Declaration").  The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action.

3.    The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation, and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund  (including, but not limited to Plaintiffs' Counsel and JND, the court-appointed Claims Administrator) are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

4.    In order to encourage Settlement Class Members to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all checks should bear the notation, "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation and Agreement of Settlement (the "Stipulation").

IF NOT CASHED BY DATE 90 DAYS AFTER ISSUE DATE." Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation.

5.      Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions set forth above will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available for distribution to other Authorized Claimants in the Second Distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distribution checks, should such distributions occur, within the time allotted or on the conditions set forth above will irrevocably forfeit any further recovery from the Net Settlement Fund.

6.      Consistent with the Court-approved Plan of Allocation, after JND has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, which efforts shall consist of the follow-up efforts described above, JND will, after consulting with Lead Counsel, conduct a second distribution of the Net Settlement Fund ("Second Distribution"). *See* Segura Declaration ¶ 45. Any amounts remaining in the Net Settlement Fund after the Initial Distribution, including from the Reserve and the funds allocated for all void stale-dated checks, after deducting JND's unpaid fees and expenses incurred in connection with administering the Settlement, including JND's estimated costs of the Second Distribution, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, any escrow fees, and appropriate reserves, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their distribution checks and who would receive at least $10.00 in the Second Distribution based on their *pro rata* share of the remaining funds. *See id*. Additional distributions, after deduction of costs and expenses as described above and subject to the same

conditions, may occur thereafter until Lead Counsel, in consultation with JND, determines that further distribution is not cost-effective. *See id*.

7.      At such time as Lead Counsel, in consultation with JND, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after July 31, 2025, those Claims will be processed, and any otherwise valid Claims received after July 31, 2025, as well as any earlier-received Claims for which an adjustment was received after July 31, 2025, that resulted in an increased Recognized Claim, will be paid in accordance with paragraph (8) below.

8.      No new Claims may be accepted after July 31, 2025, and no further adjustments to Claims received on or before July 31, 2025, that would result in an increased Recognized Claim may be made for any reason after July 31, 2025, subject to the following exception. If Claims are received or modified after July 31, 2025, that would have been eligible for payment or additional payment under the Plan of Allocation if timely received, then at the time that Lead Counsel, in consultation with JND, determines that an additional distribution is not cost-effective as provided in paragraph (7) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such Claimants, at the discretion of Lead Counsel and to the extent possible, may be paid the distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks.

9.      JND is hereby ordered to destroy paper and electronic copies of documents one (1) year after all funds have been distributed.

10.     This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

Dated: December 1, 2025

THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

.

4